# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X   Index No.

KAREN WALD,                                                    Date Purchased:

       Plaintiff,                                      Plaintiff designates Kings
                                                               County as the place of trial
  -against-
                                                               **SUMMONS**

THE DEPARTMENT OF EDUCATION,
OF THE CITY OF NEW YORK, and                                   The basis of the venue is:
THE CITY SCHOOL DISTRICT OF                                    Defendant's place of business
THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK                                        Plaintiff resides at 201 E 17th Street, Apt.
                                                               27G, New York, New York 10003
       Defendants,
-----------------------------------------------------------X

To the above named Defendant:

     You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       May 23, 2017

Yours, etc.,

STEWART LEE KARLIN
LAW GROUP, PC

s/Stewart Lee Karlin
STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, New York, 10038
(212) 792-9670

DEFENDANTS' ADDRESS
100 Church Street
New York, NY 10007
ATT: CORPORATION COUNSEL.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X

KAREN WALD,

              Plaintiff,                                **Index No.**

-against-                                        **COMPLAINT**
                                                     **WITH JURY DEMAND**

THE DEPARTMENT OF EDUCATION,
OF THE CITY OF NEW YORK, and
THE CITY SCHOOL DISTRICT OF THE BOARD OF
EDUCATION OF THE CITY OF NEW YORK,

              Defendant,
---------------------------------------------------------------X

## I. PRELIMINARY STATEMENT

1. Plaintiff Karen Wald (hereinafter "Plaintiff") has commenced this action pursuant to the Americans with Disability Act (herein "ADA") as amended due to being subjected to intentional discrimination and retaliation. This action seeks declaratory, equitable relief, compensatory damages and attorney fees.

## II. JURISDICTION AND VENUE

2. The Court has concurrent jurisdiction over defendant the Department of Education of the City of New York and the City School District of the Board of Education of the City of New York (defendant DOE or DOE) pursuant to 42 U.S.C § 12117. Plaintiff has commenced this action pursuant to the ADA. Plaintiff duly filed a formal complaint with the EEOC and a notice of right to sue letter was issued. This case was commenced within 90 days of receipt conferring concurrent jurisdiction on this Court.

Page 1 of 8

3. This action properly lies in Kings, pursuant to 28. U.S.C. 1391 (b), because defendant's principal place of business is in Kings County.

### III. THE PARTIES

4. The plaintiff Karen Wald (Plaintiff or Ms. Wald) has a disability and perceived disability that impacted major life activities. Ms. Wald suffers from a disability to wit: chronic lymphocytic leukemia, diagnosed in 2013, which impacts major life activities including compromised immune system, fatigue, and susceptibility to getting respiratory infections. Plaintiff had a physical impairment that substantially limits one or more major life activities, had a record of such an impairment and was regarded as having such an impairment. Plaintiff was discriminated against due to her disability, and perceived disability and retaliation for complaining about discrimination.

5. Upon information and belief, at all times mentioned hereinafter, defendant DOE is a political subdivision of the State and City of New York. Defendant DOE is charged by law with responsibility for the operation, management and control of the New York City public education and is within the jurisdiction of this Court. Defendant is an employer within the meaning of the ADA and is a statutory defendant in that the Defendant employed Plaintiff and engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## IV. FACTUAL STATEMENT

6. Ms. Karen Wald was employed by the New York City Department of Education (DOE) as a teacher in the Adult Education Program for over twenty years until her constructive termination on December 9, 2015 as she was forced out on leave due to the DOE's denial of her reasonable accommodation request.

7. Ms. Wald suffers from a disability to wit: chronic lymphocytic leukemia, diagnosed in 2013, which impacts major life activities including compromised immune system, fatigue, and susceptibility to getting respiratory infections.

8. Plaintiff's condition worsened in 2015 and she began chemotherapy medication during the summer of 2015.

9. On August 26, 2015, Ms. Wald made a reasonable accommodation request to the DOE, specifically, "reduced travel time with a position closer to her home or job hours more conducive to adequate rest/ decreased stress- will prevent absences at work as allows MD visits in her free time." Ms. Wald's request form listed her "disability, limitation(s) and job function(s) unable to perform:" as "chronic lymphocytic leukemia on oral chemotherapy daily- decreased work commute as pt is fatigued and at high risk for infection with stressed schedule."

10. This reasonable accommodation request posed no hardship on the DOE.

11. Ms. Wald also submitted an application for a hardship transfer on September 26, 2015 for the same medical reason.

Page 3 of 8

12. By letter dated October 8, 2015, Ms. Wald's medical accommodation request was not approved. The DOE instead reduced Plaintiff hours, something she was not actually requesting. Plaintiff's request for an assignment to school "closer to home" was not accommodated.

13. Because of the failure to reasonably accommodate Plaintiff, Ms. Wald had to take a reduced wage which would have not been necessary if her accommodation request to work closer to home had been accommodated.

14. Ms. Wald, who lives on 17th Street and 3rd Avenue in Manhattan, NY was forced to take a job assignment with the DOE in Bedford-Stuyvesant, Brooklyn for five mornings per week from 9am to 1:40pm and then 5 to 8:40pm (4 nights per week) at a school location on 35th street in Manhattan.

15. The DOE was aware that Ms. Wald was unable to perform this assignment (she caught pneumonia three times the prior school year due to this schedule), yet still refused to accommodate her request for an assignment with a full-time schedule (morning and afternoon) which was closer to home, or more compact in time.

16. Ms. Wald was forced out on leave on December 9, 2015 (constructively terminated) due to the DOE's failure to provide her with a reasonable accommodation.

17. Further, Ms. Wald is aware of others (including Irene Rosa, Lisa Miller and more) who were provided requested changes in their schedules, despite only needing these changes for convenience, not a serious medical accommodation. However, Ms. Wald who had a compelling medical need and a similar accommodation request, was denied that request.

18. Ms. Wald did NOT request for her hours to be reduced. She only requested that her location be closer to her residence only and her schedule be more compact. This request could have been easily accommodated.

19. As a result of the foregoing, the Department of Education of the City of New York and the Board of Education of the City School District of the City of New York violated the Americans with Disabilities Act by discriminating and retaliating against Ms. Wald due to her disability by failing to provide her with a reasonable accommodation which ultimately cause her to prematurely retire. It was the failure to accommodate that caused Plaintiff to retire. If the DOE had accommodated her request, then Ms. Wald would still be employed by the DOE.

20. As a result of the foregoing, the Department of Education of the City of New York and the Board of Education of the City School District of the City of New York violated the Americans with Disabilities Act by discriminating and retaliating against Ms. Wald due to her disability by failing to provide her with a reasonable accommodation.

21. It has been necessary for Plaintiff to engage the services of an attorney to file and prosecute this action, and thus also request attorney's fees.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

23. As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities by failing to reasonably accommodate Plaintiff that caused her

constructive termination based upon Plaintiff's disability, and perceived disability in violation of the Americans with Disabilities Act 42 U.S.C. 12112.

24. As a result, Plaintiff has been damages and is entitled to compensatory damages including but not limited to back pay and pain and suffering, and damaged irrevocably Plaintiffs' reputation.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

26. Plaintiff engaged in protected activity as defined by the ADA as delineated above by Defendant retaliated against Plaintiff because of her requests for a reasonable accommodation.

27. As a result of the willful activities of defendants, plaintiff has been deprived of equal employment opportunities based upon retaliation in violation of the Americans with Disabilities Act 42 U.S.C. 12112.

28. As a result, Plaintiff has been damaged and is entitled to compensatory damages including but not limited to back pay and pain and suffering, and has irrevocably damaged Plaintiffs' reputation.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants as follows:

A. Judgment be awarded including unpaid wages, salary, and employment benefits;

B. Judgment for pain and suffering and other compensatory damages;

C. Equitable relief including a rescission of Plaintiff's resignation and reinstatement with benefits retroactively;

D. A reasonable attorney's fee and disbursements for this lawsuit to be paid by Defendant; and

E. Such additional relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF HEREIN DEMANDS A JURY TRIAL**

Dated: New York, New York
May, 23, 2017

Respectfully submitted,

STEWART LEE KARLIN
LAW GROUP, PC

/Stewart Lee Karlin
STEWART LEE KARLIN
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
May 23, 2017

                                         X Stewart Lee Karlin
                                         STEWART LEE KARLIN, ESQ.