UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

KAREN WALD,

                                Plaintiff,    **ANSWER**

                -against-              17 CV 3560 (WFK)(VMS)

THE DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK, and THE CITY SCHOOL DISTRICT OF THE
BOARD OF EDUCATION OF THE CITY OF NEW YORK,

                                  Defendant.
------------------------------------------------------------------------x

        Defendant Board of Education of the City School District of the City of New York ("BOE")(also known as and sued herein as the "The Department of Education of the City of New York"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint ("complaint"), respectfully alleges as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that Plaintiff purports to proceed as set forth therein.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein, that Plaintiff purports to proceed as set forth therein, and that a right to sue letter was issued by the EEOC.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to state the basis for venue in this Court as set forth therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical condition.

5.      Denies the allegations set forth in paragraph "5" of the complaint, and respectfully refers the Court to NY Education Law § 2590-g for a statement of the BOE's powers and duties and to the ADA for a complete and accurate statement of its contents.

6.      Denies the allegations set forth in paragraph "6" of the complaint, except admits that Plaintiff had previously been employed by the BOE as a teacher in the Adult Education Program.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Denies the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff submitted an Accommodation Request Form, dated August 26, 2015, and respectfully refers the Court to Plaintiff's Accommodation Request Form, dated August 26, 2015, a copy of which is annexed hereto as Exhibit "A," for a complete and accurate statement of its contents.

10.      Denies the allegations set forth in paragraph "10" of the complaint.

11.      Denies the allegations set forth in paragraph "11" of the complaint, except admits that Plaintiff submitted an Application for Hardship Transfer, dated September 25, 2015, and respectfully refers the Court to Plaintiff's Application for Hardship Transfer, dated September 25, 2015, a copy of which is annexed hereto as Exhibit "B," for a complete and accurate statement of its contents.

12.      Denies the allegations set forth in paragraph "12" of the complaint, except admits that by letter dated October 9, 2015, Plaintiff was informed that her "Medical

Accommodation has been partially approved," and respectfully refers the Court to the letter dated October 9, 2015, a copy of which is annexed hereto as Exhibit "C."

13.     Denies the allegations set forth in paragraph "13" of the complaint.

14.     Denies the allegations set forth in paragraph "14" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of plaintiff's residence.

15.     Denies the allegations set forth in paragraph "15" of the complaint.

16.     Denies the allegations set forth in paragraph "16" of the complaint.

17.     Denies the allegations set forth in paragraph "17" of the complaint.

18.     Denies the allegations set forth in paragraph "18" of the complaint and respectfully refers the Court to Plaintiff's Accommodation Request Form, dated August 26, 2015, a copy of which is annexed hereto as Exhibit "A," for a complete and accurate statement of its contents.

19.     Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the complaint.

22.     Defendant repeats and realleges its responses to paragraphs 1-21 of the complaint as if fully set forth herein.

23.     Denies the allegations set forth in paragraph "23" of the complaint.

24.     Denies the allegations set forth in paragraph "24" of the complaint.

25.     Defendant repeats and realleges its responses to paragraphs 1-24 of the complaint as if fully set forth herein.

26.     Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

**FOR A FIRST DEFENSE:**

29. The complaint fails to state a claim upon which relief can be granted in whole or in part.

**FOR A SECOND DEFENSE:**

30. Plaintiff's proposed accommodation would have caused undue hardship on the defendant.

**FOR A THIRD DEFENSE:**

31. Upon information and belief, the damage claims set forth in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**WHEREFORE**, Defendant respectfully requests that the complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with such other and further relief as the Court deems appropriate.

Dated:         New York, New York
                July 20, 2017

                                         **ZACHARY W. CARTER**
                                         Corporation Counsel of the
                                           City of New York
                                         Attorney for Defendant
                                         100 Church Street, Room 2-185
                                         New York, New York 10007
                                         (212) 356-2450
                                         ssilverm@law.nyc.gov

                                         By:        _____/s/_____
                                               Scott C. Silverman
                                               Assistant Corporation Counsel

TO:      Stewart Lee Karlin, Esq. (via ECF)
              Attorney for Plaintiff
              111 John Street, 22nd Floor
              New York, New York 10038
              (212) 792-9670
              slk@stewartkarlin.com

Case No. 17 CV 3560 (WFK)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KAREN WALD,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCAITON OF THE
CITY OF NEW YORK, and THE CITY SCHOOL
DISTRICT OF THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK,

Defendant.

**ANSWER**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-185*
*New York, New York  10007*

*Of Counsel:  Scott C. Silverman*
*Telephone:  (212) 356-2450*
*Matter No.:  2017-026672*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................................, 2017*

*.................................................................... Esq.*

*Attorney for .....................................................................*