# STEWART LEE KARLIN LAW GROUP, P.C.
**111 John Street, 22nd Floor**
**New York, New York 10038**
**(212) 792-9670/Office**
**(212) 732-4443/Fax**
cnk@stewartkarlin.com

**NATALIA KAPITONOVA, ESQ.**

MEMBER OF THE BAR
NEW YORK & NEW JERSEY

Concentrating in Employment, Education and
Insurance Law

**Website:** www.stewartkarlin.com

January 25, 2019

<u>Via ECF</u>
Honorable William F. Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  <u>Karen Wald v. The Department of Education of the City of New York</u>
       Docket No. 1:17-cv-03560-WFK-SJB

Dear Judge Kuntz:

Plaintiff is writing this letter motion to respectfully request the Court to allow Plaintiff permission to supplement the record by allowing her to submit an Amended Declaration of UFT representative Patricia Crispino. Plaintiff seeks permission to submit this declaration in further opposition to Defendant's summary judgment which was submitted to the Defendant on January 18, 2019. The motion has not yet been fully briefed and Defendant's reply is not due to February 8, 2019. This is the first time Plaintiff seeks permission to supplement the record. (Attached as Exhibit "A" is the original declaration dated May 16, 2018  and attached as Exhibit "B" is the revised declaration dated  January 25, 2019).

The reason for this request that the United Federation of Teachers (UFT) changed attorneys and Ms. Beth Norton (new attorney for the UFT) was out of town and thus, unable to forward us the declaration of Patricia Crispino, a UFT representative with essential first-hand information regarding this lawsuit.  In addition, there will be no surprise nor unfair prejudice to the other party as Patricia Crispino's earlier declaration was already filed in opposition to summary judgment and she is an already identified witness to many of the allegations in the complaint.  This declaration merely provides more details than the previously submitted declaration.

Under Rule 56, all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.  See also  Gomez v. City of White Plains (S.D. N.Y., 2014).  Further, the Court may permit a party to submit late evidence if the Court "determines that [her] failure to submit such evidence in a timely fashion 'was the result of excusable neglect.'" Davidson v. Scully, 148 F. Supp. 2d 249, 251 (S.D.N.Y. 2001) (quoting Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984)) Desrameaux v. Delta Air Lines Inc. (E.D. N.Y., 2018).

In the case at hand, as indicated above, Plaintiff is seeking permission to submit the updated declaration of Patricia Crispino which was not submitted on January 18, 2019 as the UFT attorney was not available and thus, did not have the revised declaration.  This was not a product of Plaintiff's intentional delay.  Plaintiff has no control the UFT or its legal department and unfortunately there was no one else to aid Plaintiff in obtaining the declaration sooner. Nevertheless, because the declaration of Ms. Crispino was already filed in opposition to the motion for summary judgment and the present one merely provides more detail, and the delay was not due to Plaintiff, it is respectfully submitted that the Court should allow permission to submit this amended declaration.

In addition, there will be no prejudice to the Defendant as Defendant's reply papers are due on **February 08, 2019, two additional weeks from today**.  Thus, the Defendant will have sufficient time to address this revised declaration and will not be unfairly prejudiced by its submission.  Finally, Plaintiff is requesting to supplement the record the day it received the declaration and thus there was no delay in making this application.

Therefore, for the foregoing, Plaintiff respectfully submits that the Court should allow Plaintiff permission to supplement the record by allowing the revised declaration of Patricia Crispino to be filed in opposition to summary judgment.

Thank you very much for your attention to this matter.


Very truly yours,


*s/ Natalia Kapitonova*
NATALIA KAPITONOVA, ESQ.

cc: Jack Kevin Shaffer, ACC via ECF