UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

KAREN WALD,

                                          Plaintiff,

                -against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and THE CITY SCHOOL DISTRICT OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK,

                                          Defendants.
------------------------------------------------------------------------x

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

17 CV 3560 (WFK)(SJB)

Pursuant to Local Rule 56.1 of the Local Civil Rules of this Court, defendant Board of Education of the City School District of the City of New York ("BOE")[1] submits the following statement of material facts as to which it contends that there is no genuine issue to be tried:

**A.    Plaintiff's Employment With BOE**

        1.    At all times relevant herein, Plaintiff was employed by the BOE as an adult education teacher until plaintiff's retirement on January 31, 2016. *See* Pl's Deposition, Exhibit C, at pp. 19:23 – 20:10.

        2.    From 2012 until June 30, 2015, Plaintiff also served as the Chapter Chairperson of the United Federation of Teachers ("UFT") Union. *See* Pl's Deposition, Exhibit C, at p. 72:4-24.

---

[1] Defendant is also known as and sued herein as "The Department of Education of the City of New York."

- 2 -

**B.     Plaintiff's Medical Condition**

        3.     Plaintiff alleges that she was diagnosed with chronic lymphocytic leukemia in 2013.  *See* Complaint, Exhibit A at ¶ 4; EEOC Charge, Exhibit B at p.3, ¶ 2; Pl's Deposition, Exhibit C, at p. 23:19-22.

        4.     Plaintiff reports that, as a result of her leukemia, she developed several respiratory infections between Fall 2014 and Spring 2015.  *See* EEOC Charge, Exhibit B at p.3, ¶ 2; Complaint, Exhibit A at ¶ 7; Pl's Deposition, Exhibit C, at p. 26:8-19.

        5.     Plaintiff estimates that she took approximately 9, but no more than 10, days off due to respiratory infections between Fall 2014 and Spring 2015.  *See* Pl's Deposition, Exhibit C, at p. 27:11-19.

        6.     Plaintiff commenced oral chemotherapy in August 2015.  *See* Pl's Deposition, Exhibit C, at p. 24:21-22; Complaint, Exhibit A at ¶ 8.

        7.     Plaintiff first informed the BOE that she had leukemia on August 26, 2015, when she requested a medical accommodation.  *See* Accommodation Request Form, Exhibit I; Pl's Deposition, Exhibit C, at pp. 23:23 – 25.

**C.     Plaintiff's 2014-2015 School Year Schedule**

        8.     During the 2014-15 school year, Plaintiff worked her entire schedule at one location: the Adult Education Complex at West 35th Street, New York, NY ("West 35th Street Complex").  *See* Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E; Pl's Deposition, Exhibit C, at p. 37:6-13.

        9.     At all times relevant herein, Plaintiff resided at 201 East 17th Street, New York, NY, near the intersection of 17th Street and 3rd Avenue.  *See* Pl's Deposition, Exhibit C, at p. 4:8-9.

10. During the 2014-15 school year, Plaintiff was assigned to work for 30 hours and 50 minutes per week in Region 4, Adult Education Center located on 35th Street and 8th Avenue in Manhattan, NY. *See* Plaintiff's schedule for 2014-2015, Exhibit E; Plaintiff's Deposition, Exhibit C at p. 37.

11. Of those 30 hours and 50 minutes, Plaintiff was assigned to teach for 24 hours and 50 minutes per week, and assigned to work 6 hours per week as the Chapter Chairperson of the UFT. *See* Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E; Pl's Deposition, Exhibit C, at pp. 71:18 - 72:3.

**D.   Plaintiff's Grievance Concerning Per Session Work**

12. During the 2014-15 school year, in about April 2015, plaintiff won a per session arbitration grievance which granted her an additional 6 hours per week to her schedule. *See* Pl's Deposition, Exhibit C, at pp. 75-76.

13. These additional 6 hours were to be implemented in the 2015-16 school year. *See* Pl's Deposition, Exhibit C, at pp. 75-76.

14. Thus, for the 2015-2016 school year, Plaintiff would have been scheduled to work 36 hours and 50 minutes per week: 30 hours and 50 minutes teaching (instead of 24 hours and 50 minutes), and 6 hours performing her duties as a UFT Chapter Chairperson. *See* Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E; Teacher Schedule Form, Exhibit G.

**E.   Plaintiff Is Not Re-elected Chapter Chairperson In June 2015**

15. Plaintiff testified that, sometime during the period April – June 2015, she chose not to run for the election for UFT Chapter Chairperson. *See* Pl's Deposition, Exhibit C, at pp.73-74.

16.     Plaintiff testified that she chose not to run for election for UFT Chapter Chairperson because of the effect of medical condition.  *See* Pl's Deposition, Exhibit C, at p. 74.

17.     The voting for UFT Chapter Chairperson was held in June 2015.  *See* Pl's Deposition, Exhibit C, at pp.73-74

18.     As a result, during the 2015-16 school year, Plaintiff was no longer scheduled to work 6 hours per week on union duties, and instead was scheduled to teach for 36 hours and 50 minutes per week. See Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E; Pl's Deposition, Exhibit C, at pp.73-74.

**F.     Plaintiff's Schedule For 2015-2016 School Year**

19.     At the end of each school year, Adult Education teachers are permitted to change their work schedules and work locations through the Open Market Transfer process.  *See* Deposition of Rose-Marie Mills, Exhibit D, at pp. 41:23 – 42:25; Schedule Change Form Email, Exhibit F at p. 4.

20.     Teachers can choose to change their schedules in whole or in part by electing to attend the BOE Placement Center (hereinafter "Hiring Hall").  *See* Deposition of Rose-Marie Mills, Exhibit D, at pp. 66:24-68; Schedule Change Form Email, Exhibit F.

21.     The Hiring Hall is held after the end of the school year, and all teachers are invited to attend.  *See* Deposition of Rose-Marie Mills, Exhibit D, at p. 67:4-13; Schedule Change Form Email, Exhibit F.

22.     Teachers who wish to attend the Hiring Hall and change their schedules must notify their supervisors in advance, by email.  *See* Deposition of Rose-Marie Mills, Exhibit D, at pp. 68:20-69:9; Schedule Change Form Email, Exhibit F.

23. Teachers at the Hiring Hall are sorted by seniority, with the most experienced teachers getting to choose their schedules first. *See* Deposition of Rose-Marie Mills, Exhibit D, at pp. 67:22-68:9; Schedule Change Form Email, Exhibit F, at p. 4.

24. At the end of the 2014-15 school year, Plaintiff gave up her entire teaching schedule (for which she was assigned to teach only in Manhattan at the Region 4 Adult Education Center located on 35th Street and 8th Avenue) and elected to attend the Hiring Hall. *See* Pl's Deposition, Exhibit C, at pp. 53:12-18; 78-82, 85; Schedule Change Form Email, Exhibit F.

25. No one forced Plaintiff to give up her schedule, and Plaintiff voluntarily gave up her 2014-15 schedule in an attempt to work fewer evenings. *See* Pl's Deposition, Exhibit C, at p.85:5-17.

26. By email dated June 14, 2015, Plaintiff requested a change in her teaching assignment and schedule for the 2015-2016 school year. *See* Schedule Change Form, Exhibit F.

27. Plaintiff requested a change from her 2014-2015 schedule of working 30 hours and 50 minutes teaching in Region 4 Adult Education Center located on 35th Street and 8th Avenue in Manhattan to a schedule of 36 hours and 50 minutes per week, with 14 hours at the Region 4 Adult Education Center located in Manhattan and 22 hours and 50 minutes located at the Region 8 Brooklyn Adult Learning Center located at 415 Nostrand Avenue, Brooklyn, NY. *See* Schedule Change Form, Exhibit F; Teacher Schedule Form, Exhibit G; Plaintiff's Depo, Exhibit C at p. 37; Mills Depo, Exhibit D at p. 39.

28. On June 29, 2015, Plaintiff attended the Hiring Hall. See Pl's Deposition, Exhibit C, at pp..85:5-17; OACE Placement Center Teacher Schedule Form, Exhibit G.

29. At the Hiring Hall, Plaintiff selected an entirely new work schedule and work location. See Deposition of Rose-Marie Mills, Exhibit D, at pp.41-43; Schedule Change Form Email, Exhibit F; Pl's Deposition, Exhibit C, at p. 86; OACE Placement Center Teacher Schedule Form, Exhibit G; Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H.

30. Plaintiff chose to split her work hours between two locations: the Brooklyn Adult Learning Center in Bedford-Stuyvesant, Brooklyn, and the West 35th Street Complex. See OACE Placement Center Teacher Schedule Form, Exhibit G; Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E.

31. Specifically, Plaintiff chose to work at the Brooklyn Adult Learning Center from Monday to Friday, from 9:00 am to 1:34 pm. See Deposition of Rose-Marie Mills, Exhibit D, at p. 40:2-7; OACE Placement Center Teacher Schedule Form, Exhibit G; Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E.

32. In addition, Plaintiff chose to work at the West 35th Street Complex in Manhattan from Monday to Thursday, from 5:10 pm to 8:40 pm. See OACE Placement Center Teacher Schedule Form, Exhibit G; Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E.

33. On July 2, 2015, three days after the Hiring Hall, Plaintiff emailed Superintendent Rose-Marie Mills to request "a change of program for the September 2015-2016 year should a more convenient schedule become available." See Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H.

34. On July 2, 2015, Superintendent Mills responded to Plaintiff's email request for a "change of program," stating that Superintendent Mills could not provide Plaintiff with a change of program because it would violate the established scheduling process and

- 7 -

practice of the BOE, and that Plaintiff "voluntarily dropped [her] entire teaching schedule" from the previous year. *See* Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H.

**G.     Request for Accommodation**

35.     On August 26, 2015, Plaintiff submitted a medical accommodation request to the BOE Medical, Leaves and Records Administration office ("BOE Medical"). *See* Plaintiff's Medical Accommodation Request Form, Exhibit I.

36.     Plaintiff submitted her accommodation request approximately two months after she selected her new schedule and work locations. *See* Deposition of Rose-Marie Mills, Exhibit D, at p. 44:11-18; OACE Placement Center Teacher Schedule Form, Exhibit G; Plaintiff's Medical Accommodation Request Form, Exhibit I.

37.     Plaintiff disclosed to the BOE, **for the first time**, that she had "chronic lymphocytic leukemia on oral chemotherapy daily." See Pl's Deposition, Exhibit C, at pp. 23:25 – 24:4; Plaintiff's Medical Accommodation Request Form, Exhibit I.

38.     Plaintiff sought the following accommodation: "Reduced travel time with position closer to her home or job hours more conducive to adequate rest/decreased stress – will prevent absences at work as allows for MD visits in her free time." *See* Plaintiff's Medical Accommodation Request Form, Exhibit I.

39.     Additionally, on September 25, 2015, Plaintiff submitted a medical hardship transfer request to the BOE Medical office, seeking an assignment to a new work location due to hardship presented by her medical condition. See Plaintiff's Application for Hardship Transfer, Exhibit J.

40.     After reviewing Plaintiff's request for a medical accommodation, BOE Medical determined that Plaintiff's request for accommodation was medically warranted. *See* BOE Medical Accommodation Determination, Exhibit K.

41. On October 5, 2015, William Brewton of the BOE Office of Equal Opportunity and Diversity Management ("OEO") emailed Superintendent Rose-Marie Mills to notify Superintendent Mills that Plaintiff's accommodation request for "assigned to schools closer to home or work hours more conducive to allow adequate rest" was medically warranted. *See* Emails between Superintendent Rose-Marie Mills and BOE Disability Coordinator William Brewton dated October 5-6, 2015, Exhibit L; Deposition of Rose-Marie Mills, Exhibit D at pp. 33-35.

42. Superintendent Mills informed OEO that there were no openings at worksites closer to Plaintiff's home and, therefore, Plaintiff's request for "reduced travel time with position closer to home" could not be accommodated. *See* Emails between Superintendent Rose-Marie Mills and BOE Disability Coordinator William Brewton dated October 5-6, 2015, Exhibit L at p. 2; Deposition of Rose-Marie Mills, Exhibit D at p. 34:2-20.

43. However, Superintendent Mills informed OEO that Plaintiff could reduce her work hours in order to accommodate her request. *See* Emails between Superintendent Rose-Marie Mills and BOE Disability Coordinator William Brewton dated October 5-6, 2015, Exhibit L at p. 2; Deposition of Rose-Marie Mills, Exhibit D at p. 34:2-20.

44. On October 9, 2015, BOE Medical partially approved Plaintiff's request for disability accommodation. *See* Letter to Plaintiff from BOE partially granting accommodation, Exhibit M.

45. Specifically, BOE Medical informed Plaintiff that her request "for assignments to school 'closer to home' cannot be accommodated administratively," but that a "reduced work schedule" was granted. *See* Letter to Plaintiff from BOE partially granting accommodation, Exhibit M.

46. Plaintiff did not accept BOE Medical's "reduced work schedule" accommodation and never accepted reduced hours. *See* Pl's Deposition, Exhibit C, at pp. 63:23-64:1; 70:14-23.

47. On December 9, 2015, Plaintiff decided to go on terminal leave in advance of retirement. *See* Complaint, Exhibit A at ¶ 16; Plaintiff's application for retirement leave of absence, Exhibit N.

48. Plaintiff officially retired from the BOE on January 31, 2016. *See* Pl's Deposition, Exhibit C, at p 19:6-18; Plaintiff's application for retirement leave of absence, Exhibit N.

**H. Commencement Of This Action**

49. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), on or about July 7, 2016, which was marked received by the EEOC on July 12, 2016. *See* EEOC Charge, Exhibit B.

50. Plaintiff subsequently requested and received a Notice of Right to Sue, dated March 24, 2017. *See* EEOC Charge, Exhibit B at p. 5.

51. Plaintiff commenced this action by filing a Complaint in the New York Supreme Court, County of Kings on May 25, 2017. *See* Complaint, Exhibit A; ECF Dkt. No. 1.

52. Plaintiff then removed this action to this Court on June 13, 2017. *See* Notice of Removal, ECF Dkt. No. 1

Dated: New York, New York
October 22, 2018

**ZACHARY W. CARTER**
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 2-188
New York, New York 10007-2601
(212) 356-1105
brosenba@law.nyc.gov
jshaffer@law.nyc.gov

By: */s/ Bruce Rosenbaum*
Bruce Rosenbaum
Assistant Corporation Counsel

J. Kevin Shaffer
Assistant Corporation Counsel*
*Application for Admission Pending