# STEWART LEE KARLIN LAW GROUP, P.C.

Attorney At Law
111 John Street, 22nd Floor
New York, New York 10038
(212) 792-9670/Office
(212) 732-4443/Fax

slk@stewartkarlin.com

MEMBER OF THE BAR
NEW YORK & FLORIDA

Concentrating in Employment Law, Insurance Law
Education Law and Commercial Litigation Law

July 7, 2016

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

   RE:   Charge of Discrimination for Karen Wald v. DOE

Dear Sir/Madam:

   I represent the above referenced complainant please have this letter serve as a notice of appearance.

   Please find enclosed an original and two copies of Mrs. Wald's Charge of Discrimination against The Department of Education of the City of New York/The City School District of the City of New York.

   I have enclosed a self addressed stamped envelope, please have one copy of the Charge marked received/filed by your offices and forward one back to my office.

   Thank you for your attention to this matter.

Very truly yours,

STEWART LEE KARLIN
SLK/nba

Enclosures

[Stamp: EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
JUL 1 2 2016
DATE]

EOC Form 5 (11/09)

# Charge of Discrimination

This form is affected by the Privacy Act of 1974. Se enclosed Privacy Act Statement and other information before completing this form.

Charge Present to:
[ ] FEPA
[X] EEOC

Agency(ies) Charge No(s): 520-2016-03056

and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms. Mrs.) | Home Phone (Include area code) | Date of Birth |
|---|---|---|
| Ms. Karen Wald | | |

| Street Address | City State and Zip Code |
|---|---|
| 201 E 17th Street, Apt ___, New York, NY 10003 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If mor than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include area code) |
|---|---|---|
| The Department of Education of the City of New York and the City School District of the Board of Education of the City of New York | Over 500 | 212-356-1000 (attorney) |

| Street Address | City State and Zip Code |
|---|---|
| 52 Chambers Street, New York, New York 10007 | |

| Name | No. Employees, Members | Phone No. (Include area code) |
|---|---|---|
| | | |

| Street Address | City State and Zip Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box (es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[x] RETALIATION  [ ] AGE  [x] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (SPECIFY)

DATE(S) DISCRIMINATION TO PLACE
Earliest: January 2013    Latest: December 9, 2015

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Attached Addendum A which should deemed incorporated fully herein. Based on the allegations set forth, Ms. Wald as been discriminated and retaliated against due to her disability and in retaliation for her accomodation requests.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with then in the processing of my charge in accordance with their procedures

I declare under penalty of perjury that the above is true and correct.

06/30/16
Date

_Karen Wald_
Charging Party Signature

NOTARY– When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

_Karen Wald_   6/30/2016

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

DANIEL EDWARD DUGAN
Notary Public, State of New York
No. 02DU6296455
Qualified in New York County
Commission Expires Feb. 03, 20_18_

ADDENDUM "A"

Ms. Karen Wald was employed by the New York City Department of Education (DOE) as a teacher in the Adult Education Program for over twenty years until her constructive termination on December 9, 2015 as she was forced out on leave due to the DOE's denial of her reasonable accomodation request.

Ms. Wald suffers from a disability to wit: chronic lymphocytic leukemia, diagnosed in 2013, which impacts major life activities including compromised immune system, fatigue, and susceptibility to getting respiratory infections. Her condition worsened in 2015 and she began chemotherapy medication during the summer of 2015. On August 26, 2015, Ms. Wald made an accommodation request to the DOE, specifically, "reduced travel time with position closer to her home or job hours more conducive to adequate rest/ decreased stress- will prevent absences at work as allows MD visits in her free time." Ms. Wald's request form listed her "disability, limitation(s) and job function(s) unable to perform:" as "chronic lymphocytic leukemia on oral chemotherapy daily- decreased work commute as pt is fatigued and at high risk for infection with stressed schedule."

Ms. Wald also submitted an application for a harsdhip tranfer on September 26, 2015 due to the same medical reason. By letter dated October 8, 2015, Ms. Wald's medical accommodation request was only partially approved by the DOE for a "Reduced Work Schedule" and that her "requests for assignment to school 'closer to home' cannot be accomodated. This partial accomodation would have required Ms. Wald to take a reduced wage however.

Ms. Wald, who lives on 17th Street and 3rd Avenue in Manhattan, NY was forced to take a job assignment with the DOE in Bedford-Stuyvesant, Brooklyn for 5 mornings per week from 9am to 1:40pm and then 5 to 8:40pm (4 nights per week) at a school location on 35th street in Manhattan. The DOE was aware that Ms. Wald was unable to perform this assignment (she caught pneumonia three times the prior school year due to this schedule), yet still refused to accommodate her request for an assignment with a full-time schedule (morning and afternoon) which was closer to home, or more compact in time. Ms. Wald was forced out on leave on December 9, 2015 (constructively terminated) due to the DOE's failure to provide her with a reasonable accommodation. Ms. Wald is aware of others (including Irene Rosa, Lisa Miller and more) who were provided requested changes in their schedules, despite only needing these changes for convenience, not a medical accommodation.

As a result of the foregoing, the Department of Education of the City of New York and the Board of Education of the City School District of the City of New York violated the Americans with Disabilities Act by discriminating and retaliating against Ms. Wald due to her disability by failing to provide her with a reasonable accomodation.

_____
KAREN WALD

Sworn to this 30th day
of June 2016

DANIEL EDWARD DUGAN
Notary Public, State of New York
No. 02DU6296455
Qualified in New York County
Commission Expires Feb. 03, 2018

_____
NOTARY PUBLIC



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Karen Wald
201 East 17th Street, Apt. ▮
New York, NY 10003

Re: EEOC Charge No. 520-2016-03056
Karen Wald v. New York City Department of Education

Dear Ms. Wald:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your Disability when Respondent (New York City Department of Education) failed to accommodate you. You further alleged Respondent subjected you to Retaliation.

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does *not* certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_Roxanne Zygmund_ for
Kevin J. Berry
District Director

MAR 24 2017
Date

cc: Stewart Lee Karlin, Esq.
Stewart Lee Karlin Law Group, P.C.
111 John Street, 22nd Floor
New York, NY 10038