No.  17 CV 3560 (WFK)(SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KAREN WALD,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, and THE CITY SCHOOL DISTRICT
OF THE BOARD OF EDUCATION OF THE CITY OF
NEW YORK,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-315*
*New York, New York  10007*

*Of Counsel:  Bruce  Rosenbaum*
*J. Kevin Shaffer\**
*\*Application for Admission*
*Pending*
*Tel.:  (212) 356-1105*
*Matter No.:  2017-026672*

Bruce Rosenbaum,
J. Kevin Shaffer,*
*Application for Admission Pending
  Of Counsel.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT .................................................................................................................. 2

      POINT I ....................................................................................................................... 2

          SUMMARY JUDGMENT SHOULD BE
          GRANTED DISMISSING PLAINTIFF'S ADA
          REASONABLE ACCOMODATION CLAIM ......................................... 2

      POINT II ...................................................................................................................... 9

          SUMMARY JUDGMENT SHOULD BE
          GRANTED DISMISSING PLAINTIFF'S
          RETALIATION CLAIM ....................................................................... 9

CONCLUSION .............................................................................................................. 16

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ansonia Bd. of Educ. v. Philbrook*,
  479 U.S. 60 (1986).................................................................................................4

*Bahnsen v. Town of Brookhaven*,
  2018 U.S. Dist. LEXIS 129271 (E.D.N.Y. July 31, 2018)..............................11, 13

*Ben-Levy v. Bloomberg*,
  518 Fed. App'x 17 (2d Cir. 2013)..........................................................................9

*Cifra v. Gen. Elec. Co.*,
  252 F.3d 205 (2d Cir. 2001)....................................................................................9

*Clarke v. White Plains Hosp.*,
  650 Fed. App'x 73 (2d Cir. 2016)...........................................................................6

*Concepcion v. City of New York*,
  2016 U.S. Dist. LEXIS 11352 (S.D.N.Y. Jan. 29, 2016)........................................2

*Cosgrove v. Sears, Roebuck & Co.*,
  9 F.3d 1033 (2d Cir. 1993)......................................................................................9

*Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*,
  804 F.3d 178 (2d Cir. 2015)................................................................................3, 5

*Eisner v. Cardozo*,
  684 Fed. App'x 29 (2d Cir. 2017)...........................................................................9

*Ferraro v. N.Y.C. Dep't of Educ.*,
  2017 U.S. Dist. LEXIS 161799 (E.D.N.Y. Sep. 30, 2017).....................................4

*Fincher v. Depository Tr. & Clearing Corp.*,
  604 F.3d 712 (2d Cir. 2010)..................................................................................13

*Flieger v. E. Suffolk BOCES*,
  693 Fed. App'x 14 (2d Cir. 2017)...........................................................................9

*Gomez v. Laidlaw Transit, Inc.*,
  455 F. Supp. 2d 81 (D. Conn. 2006).....................................................................11

*Hodges v. Holder*,
  518 F. App'x 45 (2d Cir. 2013) ..........................................................................6, 7

*Jackan v. N.Y. State DOL*,
　　205 F.3d 562 (2d Cir. 2000)...................................................................6, 7, 8

*Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*,
　　263 F.3d 208 (2d Cir. 2001)...........................................................................8

*McBride v. BIC Consumer Prods. Mfg. Co.*,
　　583 F.3d 92 (2d Cir. 2009)....................................................................2, 6, 7

*Missick v. City of New York*,
　　707 F. Supp. 2d 336 (E.D.N.Y. 2010) ........................................................11

*Morris v. Schroder Capital Mgmt. Int'l*,
　　481 F.3d 86 (2d Cir. 2007)...........................................................................12

*Noll v. IBM*,
　　787 F.3d 89 (2d Cir. 2015)....................................................................2, 3, 5

*Nugent v. St. Lukes-Roosevelt Hosp. Ctr.*,
　　303 Fed. App'x 943 (2d Cir 2008)................................................................8

*Pa. State Police v. Suders*,
　　542 U.S. 129 (2004).....................................................................................12

*Parnahay v. United Parcel Service, Inc.*,
　　20 Fed. App'x. 53 (2d Cir. 2001)..................................................................6

*Pellier v. British Airways, Plc.*,
　　2006 U.S. Dist. LEXIS 3219 (E.D.N.Y. Jan. 17, 2006) .............................12

*Pinto v. N.Y.C. Admin. for Children's Servs.*,
　　2018 U.S. Dist. LEXIS 154778 (S.D.N.Y. Sep. 11, 2018)..........................11

*Powell v. Dep't of Educ. of N.Y.*,
　　2018 U.S. Dist. LEXIS 148712 (E.D.N.Y. Aug. 30, 2018)..........................11

*Schroeder v. Suffolk Cty. Cmty. Coll.*,
　　2009 U.S. Dist. LEXIS 52533 (E.D.N.Y. June 22, 2009) .............................8

*Spence v. Md. Cas. Co.*,
　　995 F.2d 1147 (2d Cir. 1993)..................................................................12, 13

*Trane v. Northrop Grumman Corp.*,
　　94 F. Supp. 3d 367 (E.D.N.Y. 2015) ...........................................................10

*U.S. Airways, Inc. v. Barnett*,
　　535 U.S. 391 (2002).......................................................................................6

*Vinokur v. Sovereign Bank*,
    701 F. Supp. 2d 276 (E.D.N.Y. 2010) ...................................................................................4, 7

*Weissman v. Dawn Joy Fashions, Inc.*,
    214 F.3d 224 (2d Cir. 2000)...................................................................................................9

*Wernick v. FRB*,
    91 F.3d 379 (2d Cir. 1996).....................................................................................................5

*Whidbee v. Garzarelli Food Specialties, Inc.*,
    223 F.3d 62 (2d Cir. 2000).....................................................................................12, 13, 15

*Widomski v. State Univ. of N.Y. (SUNY) at Orange*,
    933 F. Supp. 2d 534 (S.D.N.Y. 2013), *aff'd*, 748 F.3d 471 (2d Cir. 2014)...........................10

*Wright v. N.Y. State Dep't of Corr. & Cmty. Supervision*,
    831 F.3d 64 (2d Cir. 2016).................................................................................................3, 5

**Statutes**

42 U.S.C. § 12111(9)(B).............................................................................................................5

**Other Authorities**

29 CFR § 1630.2(o)(3).................................................................................................................8

Fed. R. Civ. P. 56........................................................................................................................1

Local Rule 56.1............................................................................................................................2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

KAREN WALD,

                                    Plaintiff,          17 CV 3560 (WFK)(SJB)

            -against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, and THE CITY SCHOOL
DISTRICT OF THE BOARD OF EDUCATION OF
THE CITY OF NEW YORK,

                                    Defendants.
-------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff, Karen Wald ("Plaintiff"), a former teacher in the Adult Education program of the Board of Education of the City School District of the City of New York (hereinafter "BOE") (also known as and sued herein as "The Department of Education of the City of New York," and "The City School District of the Board of Education of the City of New York"), commenced this action on May 25, 2017, claiming that Defendant failed to accommodate her disability, chronic lymphocytic leukemia, in violation of the Americans with Disabilities Act ("ADA") and, thereafter, retaliated against her for filing a request for reasonable accommodation.

Defendant submits this memorandum of law in support of its motion for an order pursuant to Federal Rule of Civil Procedure 56 granting summary judgment dismissing all of plaintiff's claims.  First, Plaintiff's ADA failure to accommodate claim should be dismissed because Defendant provided Plaintiff with a reasonable accommodation and because Plaintiff

abandoned the interactive process. Second, Plaintiff's ADA retaliation claim should be dismissed because Plaintiff has not alleged that she suffered an adverse employment action after requesting an accommodation and has not and cannot prove on this record that she was constructively discharged by Defendant.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts, dated October 22, 2018, ("Def. 56.1"), the Declaration of Assistant Corporation Counsel Bruce Rosenbaum, dated October 22, 2018, ("Rosenbaum Decl."), and the supporting evidence cited to therein for a statement of pertinent and material facts.

## ARGUMENT

### POINT I

**SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING PLAINTIFF'S ADA REASONABLE ACCOMODATION CLAIM**

**A.    Analytical Framework For ADA Failure To Accommodate Claims**

A plaintiff makes out a prima facie case of disability discrimination arising from failure to accommodate by showing: "(1) Plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009).

Under the ADA, an employer must grant an employee a reasonable accomodation for her known disability, "unless the accomodation would impose an undue hardship on the employer." *Noll v. IBM*, 787 F.3d 89, 94 (2d Cir. 2015) (citing 42 U.S.C. § 12112(b)(5)(A)); *accord Concepcion v. City of New York*, 2016 U.S. Dist. LEXIS 11352, at *40 (S.D.N.Y. Jan. 29,

2016) (citing 42 U.S.C. § 12112(b)(5)(A)).   A reasonable accommodation "enable[s] an individual with a disability who is qualified to perform the essential functions of that position . . . [or] to enjoy equal benefits and privileges of employment."  *Noll*, 787 F.3d at 94 (quoting 29 C.F.R. § 1630.2(o)(1)(ii), (iii)) (quotation marks omitted; alterations in original).   Employers must provide an "effective" accomodation, not the "perfect accommodation or the very accommodation most strongly preferred by the employee."  *Noll*, 787 F.3d at 95 (citing *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002)).   Additionally, "the employer providing the accommodation has the *ultimate discretion* to choose between effective accommodations, and may choose the less expensive accommodation or the accommodation that is easier for it to provide."  *Id.* (quoting 29 C.F.R. § 1630 app.).

If an employer has implemented or offered an accomodation for an employee's disability, the employer is entitled to summary judgment if "the existing accomodation is 'plainly reasonable.'"  *Id.* at 94 (citation omitted); *see also Wright v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 831 F.3d 64, 73 (2d Cir. 2016); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 189 (2d Cir. 2015).

## B.    Defendants Offered Plaintiff A Reasonable Accommodation

This Court should grant summary judgment with regard to plaintiff's ADA reasonable accommodation claim because the BOE offered Plaintiff a reasonable accommodation.   Therefore, Plaintiff cannot make out a prima facie case of discrimination based upon failure to accommodate.

As an initial matter, Plaintiff's claim for failure to accommodate must fail because she received one of two proposed accommodations that she requested.   When an employee receives the accommodation that she requests, there is no claim for failure to accommodate.  *Dean.*, 804 F.3d at 188 ("It is axiomatic that a claim for failure to accommodate does not lie

where the accommodation received is the accommodation the plaintiff requested.")  The plain language of Plaintiff's own application for a medical accommodation requests: "Reduced travel time with position closer to her home **or** job hours more conducive to adequate rest/decreased stress…" *See* Plaintiff's Accommodation Request Form, Exhibit I (emphasis added).  Plaintiff requests *either* a change in where she was assigned to work, or "job hours more conducive to adequate rest/decreased stress." *Id.*  In response, the BOE could not relocate Plaintiff due to the absence of any openings closer to Plaintiff's home, but the BOE granted Plaintiff a reduction in hours in order to give her "hours more conducive to adequate rest/decreased stress."

Plaintiff states in her Complaint that she "did NOT request for her hours to be reduced." *See* Complaint, Exhibit A, at ¶ 18.  This claim is refuted by the plain language of plaintiff's accommodation request for "job hours more conducive to adequate rest/decreased stress."  Plaintiff's Accommodation Request Form, Exhibit I.  Even if Plaintiff's request was not specifically for reduced hours, it is well established that "the ADA does not require the employer to provide every accommodation a disabled employee may request, nor does it obligate the employer to meet the personal preferences of disabled employees."  *Ferraro v. N.Y.C. Dep't of Educ.*, 2017 U.S. Dist. LEXIS 161799, at *44 (E.D.N.Y. Sep. 30, 2017) (internal quotations omitted) (citing *Robinson v. Roosevelt Union Free Sch. Dist.,* 2012 U.S. Dist. LEXIS 76524, at *9 (E.D.N.Y. May 31, 2012); *Vinokur v. Sovereign Bank*, 701 F. Supp. 2d 276, 295 (E.D.N.Y. 2010) (Defendant is "not required to provide plaintiff with the particular accommodation she 'requests or prefers,'" but "need only provide some reasonable accommodation.").

Rather, the ADA requires an employer to make "any reasonable accommodation." *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (1986) ("We find no basis in either the [ADA] or its legislative history for requiring an employer to choose any particular reasonable

accommodation.  By its very terms the statute directs that *any reasonable accommodation* by the employer is sufficient to meet its accommodation obligation.") (emphasis added).  The Second Circuit has noted that "[t]he hallmark of a reasonable accommodation is effectiveness." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 189 (2d Cir. 2015).  Accordingly, an "accommodation need not be perfect or the one most strongly preferred by the []plaintiff, but it still must be effective[.]'" *Wright*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Dean*, 804 F.3d at 189; *Noll*, 787 F.3d at 95).  Thus, even assuming *arguendo* that Plaintiff was not specifically requesting a reduction in her work hours, Defendant is still entitled to summary judgment regarding Plaintiff's refusal to accommodate claim so long as the accommodation offered by Defendants was reasonable.  *See Dean*, 804 F.3d at 189; *Noll*, 787 F.3d at 94.

Defendant is entitled to summary judgment because the BOE made a reasonable accommodation when it offered to reduce Plaintiff's work hours.  Whether or not a particular accommodation is reasonable is a "necessarily fact-specific" question that must be resolved on a case-by-case basis.  *Wernick v. FRB*, 91 F.3d 379, 385 (2d Cir. 1996); *see also Dean*, 804 F.3d at 189 (citing *Wernick*); *Noll*, 787 F.3d at 94 (citing *Wernick*).  The ADA specifically mentions "part-time or modified work schedules" as an example when defining "reasonable accommodation." 42 U.S.C. § 12111(9)(B).  Here, the BOE's offer to reduce plaintiff's hours was a reasonable, effective accommodation in response to plaintiff's request for "job hours more conducive to adequate rest/decreased stress."  *See* Plaintiff's Accommodation Request Form, Exhibit I.  Logically, reducing the number of hours plaintiff needed to work would give plaintiff additional time to rest, attend medical appointments, and decrease stress.

Rather than a reduced work schedule, Plaintiff repeatedly states she was seeking accommodation via reassignment to a school closer to her home.  *See* Complaint, Exhibit A, at

¶¶ 9, 12, 13, 14.  Plaintiff bears the "burdens of both production and persuasion as to the existence of…a vacant position for which she is qualified." *McBride,* 583 F.3d at 97-98; *Jackan v. N.Y. State DOL*, 205 F.3d 562, 566 (2d Cir. 2000) ("a plaintiff seeking to hold the employer liable for failing to transfer her to a vacant position as a reasonable accommodation must demonstrate that there was a vacant position into which she might have been transferred").  A plaintiff's "mere speculation [regarding a vacant position] will not suffice." *Hodges v. Holder*, 518 F. App'x 45, 47 (2d Cir. 2013) (citing *Jackan*)(internal quotations omitted).  An employer has no obligation under the ADA to transfer an employee to another location if no such position is vacant.  *Id.* at 98; *Parnahay v. United Parcel Service, Inc.*, 20 Fed. App'x. 53, 56 (2d Cir. 2001); *see also U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 409 ("If a position is not vacant, then reassignment to it is not a reasonable accommodation) (O'Connor, J., concurring).  Nor is an employer obligated to create a position for an employee seeking accommodation via reassignment.  *Clarke v. White Plains Hosp.*, 650 Fed. App'x 73, 75 (2d Cir. 2016).

Here, Plaintiff has presented no evidence of any vacant Adult Education teaching positions closer to her home, as is Plaintiff's burden.  *McBride,* 583 F.3d at 97-98.  Plaintiff's Complaint offers only speculation that "this request [for reassignment closer to home] could have been easily accommodated."  *See* Complaint, Exhibit A, at ¶ 18.  On the contrary, the BOE denied plaintiff's request for reassignment to a school closer to her home because there were no such vacant positions.  *See* Deposition of Rose-Marie Mills, Exhibit D, at p. 34; *see also* Emails between Superintendent Rose-Marie Mills and BOE Disability Coordinator William Brewton dated October 5-6, 2015, Exhibit L.  Because there were no vacant positions at other adult education sites, transferring Plaintiff to another location was neither feasible nor reasonable.  *McBride,* 583 F.3d at 97-98; *Jackan*, 205 F.3d at 566.

In summary, Plaintiff requested "Reduced travel time with position closer to her home **or** job hours more conducive to adequate rest/decreased stress…" and was granted a reduced work schedule accommodation in order to provide job hours "more conducive to adequate rest/decreased stress…" *See* Plaintiff's Accommodation Request Form, Exhibit I (emphasis added); Letter to Plaintiff from BOE partially granting accommodation, Exhibit M. Ignoring the actual wording of Plaintiff's accommodation request, even if Plaintiff did not specifically want a reduced work schedule, Defendants were not required to provide Plaintiff with her ideal, preferred accommodation. *See Vinokur,* 701 F. Supp. 2d at 295. Defendants were simply required to provide a reasonable accommodation, which it did in the form of offering to reduce Plaintiff's working hours.   *See* Letter to Plaintiff from BOE partially granting accommodation, Exhibit M.

Plaintiff has presented no evidence that there was an equivalent, open position closer to her home to which Defendants could have transferred Plaintiff, as is her burden. *McBride,* 583 F.3d at 97-98; *Jackan*, 205 F.3d at 566. Plaintiff merely offers conclusory statements that her request for reassignment "could have been easily accommodated." *See* Complaint, Exhibit A, at ¶ 18.   This speculative statement is wholly insufficient to satisfy Plaintiff's burden of proving an appropriate, vacant position closer to her home to which she could have been transferred.  *Hodges v. Holder*, 518 F. App'x 45, 47 (2d Cir. 2013)(citing *Jackan*) (A plaintiff's "mere speculation [regarding a vacant position] will not suffice.")(internal quotations omitted).  Therefore, Plaintiff's ADA failure to accommodate claim must fail as a matter of law because the BOE offered Plaintiff a reasonable accommodation.

**C.      Plaintiff Abandoned the Interactive Process**

Additionally, the Court should grant Defendant's motion for summary judgment with regard to plaintiff's ADA reasonable accommodation claim because plaintiff abandoned the interactive process.

When an employee makes a request for a reasonable accommodation pursuant to the ADA, the ADA envisions that the employer and employee should engage in an "informal, interactive process" in order "to determine the appropriate reasonable accommodation." 29 CFR § 1630.2(o)(3); *see also Nugent v. St. Lukes-Roosevelt Hosp. Ctr.*, 303 Fed. App'x 943 (2d Cir 2008); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208 (2d Cir. 2001); *Jackan v. N.Y. State DOL*, 205 F.3d 562, 566 (2d Cir. 2000). This interactive process is designed to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 CFR § 1630.2(o)(3). Through this interactive process, "employers and employees share responsibility for determining an appropriate accommodation…" *Schroeder v. Suffolk Cty. Cmty. Coll.*, 2009 U.S. Dist. LEXIS 52533, at *48 (E.D.N.Y. June 22, 2009). When an employee is responsible for the breakdown of the interactive process, she cannot recover for an alleged failure to accommodate. *See Nugent,* 303 Fed. App'x at 945 ("An employee who is responsible for the breakdown of that interactive process may not recover for a failure to accommodate")

Here, after Plaintiff's medical accommodation request was partially granted, Plaintiff went on terminal leave and eventually retired. *See* Plaintiff's application for retirement leave of absence, Exhibit N. In doing so, Plaintiff abandoned the interactive process and is responsible for its breakdown. *Nugent*, 303 Fed. App'x at 945. Accordingly, this Court should grant summary judgment dismissing Plaintiff's ADA failure to accommodate claim because Plaintiff abandoned the interactive process.

**POINT II**

**SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING PLAINTIFF'S RETALIATION CLAIM**

**A.    Analytical Framework For ADA Retaliation Claims**

Retaliation claims under the ADA follow the *McDonnell Douglas* burden-shifting framework.  *Ben-Levy v. Bloomberg*, 518 Fed. App'x 17, 19 (2d Cir. 2013) (citations omitted).  First, a plaintiff must establish a *prima facie* case of retaliation.  If a plaintiff meets her burden, the burden of production shifts to the employer to demonstrate that a legitimate, non-retaliatory reason existed for its action.  *See Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1038-39 (2d Cir. 1993).  Once an employer articulates the legitimate, non-retaliatory reasons for its actions, the burden shifts to plaintiff to proffer that the proffered reasons are pretext for retaliation.  *See Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001) (citations omitted).

To establish a prima facie retaliation claim under the ADA, "a plaintiff must establish that "(1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action."  *Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 235 (2d Cir. 2000) (citations omitted).

In the context of ADA retaliation claims, whether a plaintiff must show that the protected activity was a "but-for" cause of an adverse employment action or merely a "motivating factor" is an unsettled question of law in the Second Circuit.  *See Flieger v. E. Suffolk BOCES*, 693 Fed. App'x 14, 19 (2d Cir. 2017); *Eisner v. Cardozo*, 684 Fed. App'x 29, 30 (2d Cir. 2017) ("There is… an unsettled question of law in this Circuit as to whether a plaintiff must show, in order to succeed on her ADA retaliation claim, that the retaliation was a 'but-for'

cause of the termination or merely a 'motivating factor.')  In application, district courts in this Circuit have applied the "but-for" analysis to ADA claims similar to those asserted by plaintiff. *See, e.g., Trane v. Northrop Grumman Corp.*, 94 F. Supp. 3d 367, 376-77 (E.D.N.Y. 2015) (noting that "[t]he Court analyzes ADA retaliation claims under the same standard as Title VII retaliation claims" and that mixed-motive analysis does not apply to Title VII retaliation claims in the wake of *Nassar*); *Widomski v. State Univ. of N.Y. (SUNY) at Orange*, 933 F. Supp. 2d 534, 546 n.9 (S.D.N.Y. 2013), *aff'd*, 748 F.3d 471 (2d Cir. 2014), (agreeing "that the ADEA and ADA 'because' language is similar, implying that their respective burdens of persuasion are likely equivalent and thus casting doubt on the continued applicability of the pre-*Gross* mixed-motives ADA case law").  In any event, the Court need not reach the issue of causation because, as explained below, plaintiff has not demonstrated, nor even alleged, except in conclusory fashion, that she suffered a materially adverse action as a result of engaging in activity protected under the ADA.

**B.**     **Plaintiff Did Not Suffer An Adverse Employment Action And Was Not Constructively Discharged**

This Court should grant summary judgment with regard to plaintiff's ADA retaliation claim because Plaintiff did not suffer or even allege that she suffered an adverse employment action.  Plaintiff's complaint merely alleges, without factual support, that the BOE "violated the Americans with Disabilities Act by discriminating and retaliating against Ms. Wald due to her disability by failing to provide her with a reasonable accommodation which ultimately cause [sic] her to prematurely retire."  *See* Complaint, Exhibit A at ¶¶ 19, 20, 27.  Moreover, the Defendant's "alleged failure to accommodate [plaintiff's] disability subsequent to an ADA . . . protected request cannot be bootstrapped into a viable disability retaliation claim."  *Missick v. City of New York*, 707 F. Supp. 2d 336, 356-57 (E.D.N.Y. 2010); *accord Pinto v. N.Y.C. Admin.*

*for Children's Servs.*, 2018 U.S. Dist. LEXIS 154778, at *28 (S.D.N.Y. Sep. 11, 2018); *Gomez v. Laidlaw Transit, Inc.*, 455 F. Supp. 2d 81, 90 (D. Conn. 2006) ("To the extent plaintiff claims that defendant's ongoing failure to accommodate her constituted retaliation, this claim is also insufficient as a matter of law.  Requesting accommodation inevitably carries the possibility that the employer will not honor the request.  If the prospect that an employer might not honor the request would deter a reasonable employee from even making the request, reasonable employees would not request accommodation.  For this reason, a failure to accommodate cannot constitute retaliation for an employee's request for accommodation.").

In addition, when "a plaintiff voluntarily resigns from [her] position, no adverse action is stated unless plaintiff can show that [s]he was constructively discharged from [her] position." *Bahnsen v. Town of Brookhaven*, 2018 U.S. Dist. LEXIS 129271, at *16-17 (E.D.N.Y. July 31, 2018); *see also Powell v. Dep't of Educ. of N.Y.*, 2018 U.S. Dist. LEXIS 148712, at *19 (E.D.N.Y. Aug. 30, 2018); *Pellier v. British Airways, Plc.*, 2006 U.S. Dist. LEXIS 3219, at *12 (E.D.N.Y. Jan. 17, 2006).

Plaintiff alleges that "Defendant retaliated against Plaintiff because of her requests for a reasonable accommodation." *See* Complaint, Exhibit A, at ¶¶ 20, 26.  Plaintiff alleges that "Ms. Wald was forced out on leave on December 9, 2015 (constructively terminated) due to the DOE's failure to provide her with a reasonable accommodation."  *See* Complaint, Exhibit A, at ¶¶ 6, 16.

In order to prove constructive discharge, a plaintiff must demonstrate that "an employer, rather than directly discharging an individual, intentionally create[d] an intolerable work atmosphere that force[d] an employee to quit involuntarily." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 73 (2d Cir. 2000); *see also Morris v. Schroder Capital Mgmt. Int'l*,

481 F.3d 86, 88 (2d Cir. 2007).  The standard for whether working conditions were sufficiently unsatisfactory as to constitute a constructive discharge is not "merely whether the employee's working conditions were difficult or unpleasant."  *Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993).  Rather, an employer must intentionally create working conditions that are "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign."  *Whidbee*, 223 F.3d at 73; *see also Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004) ("The inquiry is objective: Did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign?").

Moreover, while a constructive discharge might exist where "an employer deliberately sought to place an employee in a position that jeopardized his or her health," there is typically no constructive discharge where "an employee develops stress-related ill health from the demands of his voluntarily undertaken position or from criticisms of his performance, and as a result determines that health considerations mandate his resignation…" ."  *Spence*, 995 F.2d at 1156.  Accordingly, "[t]he burden of showing constructive discharge is high."  *Bahnsen v. Town of Brookhaven*, 2018 U.S. Dist. LEXIS 129271, at *17 (E.D.N.Y. July 31, 2018); *see also Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010) (noting that the standard for constructive discharge "is higher than the standard for establishing a hostile work environment.").

In this case, Plaintiff fails to produce any evidence that Defendant intended to constructively terminate Plaintiff, or that Defendant created working conditions that were "so difficult or pleasant that a reasonable person in [plaintiff's] shoes would have felt compelled to resign."  *Whidbee*, 223 F.3d at 62.  Rather, the working conditions that Plaintiff allegedly found so intolerable – the split work locations with both daytime and nighttime hours - were entirely of

- 12 -

the Plaintiff's own choosing.   During the 2014-15 school year, Plaintiff worked her entire schedule at one location – the Adult Continuing Education Complex at West 35th Street and 8th Avenue in Manhattan.  *See* Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E; Pl's Deposition, Exhibit C, at p. 37:6-13. Plaintiff resided nearby at 201 East 17th Street in Manhattan. *See* Pl's Deposition, Exhibit C, at p. 4:8-9.  Plaintiff worked the entirety of her 2014-15 schedule during daytime hours: Monday to Friday from 9:00 am to 12:00 pm, and Tuesday, Wednesday, and Thursday from 12:30 pm to 3:30 pm.  *See* Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E.  Prior to the 2015-16 school year, Plaintiff went through an arbitration grievance to get 6 hours added to her schedule.  *See* Pl's Deposition, Exhibit C, at pp. 75-76. These additional 6 hours were to be implemented in the 2015-16 school year.  *See* Pl's Deposition, Exhibit C, at pp. 75-76.  Plaintiff then was not re-elected the union delegate election and found herself with a requirement to teach for 6 extra hours each week.

At the end of the 2014-15 school year, Plaintiff voluntarily forfeited her entire schedule at the Adult Education Complex at West 35th Street.  *See* Pl's Deposition, Exhibit C, at pp. 53:12-18; 78-82, 85; Schedule Change Form Email, Exhibit F.  Indeed, Plaintiff testified during her deposition that she "could have kept [her previous schedule]" but made the "healthier choice to give it up and get something that would have helped me preserve my health." *See* Pl's Deposition, Exhibit C at, p. 85:8-17.  Plaintiff voluntarily attended the hiring hall and chose a new schedule. *See* Pl's Deposition, Exhibit C, at pp..85:5-17; OACE Placement Center Teacher Schedule Form, Exhibit G. Plaintiff chose the days and hours she would work, including working a split schedule at two different locations.  *See* Deposition of Rose-Marie Mills, Exhibit D, at pp.41-43; Schedule Change Form Email, Exhibit F; Pl's Deposition, Exhibit C, at p. 86;

OACE Placement Center Teacher Schedule Form, Exhibit G; Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H.

Three days after Plaintiff attended the Hiring Hall and selected her new schedule, Plaintiff emailed Superintendent Rose-Marie Mills to request "a change of program for the September 2015-2016 year should a more convenient schedule become available." *See* Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H. Superintendent Mills responded to Plaintiff's email request for a "change of program," stating that Superintendent Mills could not provide Plaintiff with a change of program because it would violate the established scheduling process and practice of the BOE, and that Plaintiff "voluntarily dropped [her] entire teaching schedule" from the previous year. *See* Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H.

Two months after Plaintiff selected her own schedule at the Hiring Hall, she requested a reasonable accommodation in the form of "Reduced travel time with position closer to her home or job hours more conducive to adequate rest/decreased stress…" *See* Plaintiff's Medical Accommodation Request Form, Exhibit I. The BOE deemed plaintiff's requested accommodation to be medically necessary, and sought to implement a reasonable accommodation. *See* BOE Medical Accommodation Determination, Exhibit K; Emails between Superintendent Rose-Marie Mills and BOE Disability Coordinator William Brewton dated October 5-6, 2015, Exhibit L; Letter to Plaintiff from BOE partially granting accommodation, Exhibit M. Because there were no available positions closer to Plaintiff's home, the BOE could not accommodate Plaintiff by reassigning her. *See* Emails between Superintendent Rose-Marie Mills and BOE Disability Coordinator William Brewton dated October 5-6, 2015, Exhibit L at p. 2; Deposition of Rose-Marie Mills, Exhibit D at p. 34:2-20. However, the BOE partially granted

Plaintiff's request for "job hours more conducive to adequate rest/decreased stress" by granting her a reduced work schedule.  *See* Letter to Plaintiff from BOE partially granting accommodation, Exhibit M.  In response to that accommodation, Plaintiff voluntarily went on terminal leave, did not return to work from terminal leave, and ultimately retired. *See* Plaintiff's application for retirement leave of absence, Exhibit N.

In light of the above facts and evidence, it is abundantly clear that plaintiff chose the working conditions that she seemingly alleges were so intolerable that she was constructively discharged.  Under no circumstances do the above facts and evidence show that the BOE "intentionally create[d] an intolerable work atmosphere that force[d] an employee to quit involuntarily."  *Whidbee*, 223 F.3d at 73.  Rather, Plaintiff chose to give up her 2014-15 teaching schedule near her home and chose a schedule that she did not like.  Plaintiff filed a request for medical accommodation in the form of "Reduced travel time with position closer to her home or job hours more conducive to adequate rest/decreased stress" that the BOE could not accommodate with a transfer as there were no open positions closer to Plaintiff's home, but attempted to grant in the form of reduced hours.  Plaintiff chose to reject that accommodation and to abandon the interactive process, and instead chose to take terminal leave and ultimately retire.

Therefore, this Court should grant summary judgment dismissing Plaintiff's claim for retaliation under the ADA because Plaintiff did not suffer an adverse employment action, and was not constructively discharged.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court issue an order granting defendants' motion for summary judgment and dismissing the Complaint in its entirety, with prejudice, and awarding defendants such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                October 22, 2018

                          **ZACHARY W. CARTER**
                          Corporation Counsel of the
                            City of New York
                          Attorney for the Defendant
                          100 Church Street, Room 2-188
                          New York, New York 10007-2601
                          (212) 356-1105
                          brosenba@law.nyc.gov
                          jshaffer@law.nyc.gov


                  By:      */s/ Bruce Rosenbaum*
                          Bruce Rosenbaum
                          Assistant Corporation Counsel

                          J. Kevin Shaffer*
                          Assistant Corporation Counsel
                          *Application for Admission Pending


Bruce Rosenbaum,
J. Kevin Shaffer*
*Application for Admission Pending
   Of Counsel.