UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
KAREN WALD,

        Plaintiff,

   -against-                                  17-CV-3560 (WFK)(SJB)

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, and
THE CITY SCHOOL DISTRICT OF
THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK

        Defendants,
---------------------------------------------------------X

      Plaintiff Karen Wald, by her attorneys Stewart Lee Karlin Law Group, P.C., submits the following response to Defendant's Local Rule 56.1 statement as to which Plaintiff contends that there are genuine material issues of fact to be tried:

## PLAINTIFF'S RESPONSES TO
## DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

      Pursuant to Local Civil Rule 56.1(a), Plaintiff hereby responds to Defendant's statement of undisputed material facts:[1]

**A. Plaintiff's Employment With BOE**

   1. At all times relevant herein, Plaintiff was employed by the BOE as an adult education teacher until plaintiff's retirement on January 31, 2016. *See* Pl's Deposition, Exhibit C, at pp. 19:23 – 20:10.

---

[1] Unless otherwise indicated, Plaintiff's exhibits are annexed to the Declaration of Natalia Kapitonova, Esq. ("Kapitonova Decl."), dated January 07, 2019.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "1" in Defendant's Rule 56.1 statement.

2. From 2012 until June 30, 2015, Plaintiff also served as the Chapter Chairperson of the United Federation of Teachers ("UFT") Union. *See* Pl's Deposition, Exhibit C, at p. 72:4-24.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "2" in Defendant's Rule 56.1 statement.

**B. Plaintiff's Medical Condition**

3. Plaintiff alleges that she was diagnosed with chronic lymphocytic leukemia in 2013. *See* Complaint, Exhibit A at ¶ 4; EEOC Charge, Exhibit B at p.3, ¶ 2; Pl's Deposition, Exhibit C, at p. 23:19-22.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "3" in Defendant's Rule 56.1 statement.

4. Plaintiff reports that, as a result of her leukemia, she developed several respiratory infections between Fall 2014 and Spring 2015. *See* EEOC Charge, Exhibit B at p.3, ¶ 2; Complaint, Exhibit A at ¶ 7; Pl's Deposition, Exhibit C, at p. 26:8-19.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "4" in Defendant's Rule 56.1 statement.

5. Plaintiff estimates that she took approximately 9, but no more than 10, days off due to respiratory infections between Fall 2014 and Spring 2015. *See* Pl's Deposition, Exhibit C, at p. 27:11-19.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "5" in Defendant's Rule 56.1 statement.

6. Plaintiff commenced oral chemotherapy in August 2015. *See* Pl's Deposition, Exhibit C, at p. 24:21-22; Complaint, Exhibit A at ¶ 8.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "6" in Defendant's Rule 56.1 statement.

7. Plaintiff first informed the BOE that she had leukemia on August 26, 2015, when she requested a medical accommodation. *See* Accommodation Request Form, Exhibit I; Pl's Deposition, Exhibit C, at pp. 23:23 – 25.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "7" in Defendant's Rule 56.1 statement.


**C. Plaintiff's 2014-2015 School Year Schedule**

8. During the 2014-15 school year, Plaintiff worked her entire schedule at one location: the Adult Education Complex at West 35th Street, New York, NY ("West 35th Street Complex"). *See* Plaintiff's schedules for 2014-2015 and 2015- 2016, Exhibit E; Pl's Deposition, Exhibit C, at p. 37:6-13.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "8" in Defendant's Rule 56.1 statement.

9.  At all times relevant herein, Plaintiff resided at 201 East 17th Street, New York, NY, near the intersection of 17th Street and 3rd Avenue. *See* Pl's Deposition, Exhibit C, at p. 4:8-9.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "9" in Defendant's Rule 56.1 statement.

10.  During the 2014-15 school year, Plaintiff was assigned to work for 30 hours and 50 minutes per week in Region 4, Adult Education Center located on 35th Street and 8th Avenue in Manhattan, NY. *See* Plaintiff's schedule for 2014-2015, Exhibit E; Plaintiff's Deposition, Exhibit C at p. 37.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "10" in Defendant's Rule 56.1 statement.

11. Of those 30 hours and 50 minutes, Plaintiff was assigned to teach for 24 hours and 50 minutes per week, and assigned to work 6 hours per week as the Chapter Chairperson of the UFT. *See* Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E; Pl's Deposition, Exhibit C, at pp. 71:18 - 72:3.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "11" in Defendant's Rule 56.1 statement.

**D. Plaintiff's Grievance Concerning Per Session Work**

12. During the 2014-15 school year, in about April 2015, plaintiff won a per session arbitration grievance which granted her an additional 6 hours per week to her schedule. *See* Pl's Deposition, Exhibit C, at pp. 75-76.

    **Response:**

    Plaintiff admits the factual allegations contained in paragraph numbered "12" in Defendant's Rule 56.1 statement.

13. These additional 6 hours were to be implemented in the 2015-16 school year. *See* Pl's Deposition, Exhibit C, at pp. 75-76.

    **Response:**

    Plaintiff admits the factual allegations contained in paragraph numbered "13" in Defendant's Rule 56.1 statement.

14. Thus, for the 2015-2016 school year, Plaintiff would have been scheduled to work 36 hours and 50 minutes per week: 30 hours and 50 minutes teaching (instead of 24 hours and 50 minutes), and 6 hours performing her duties as a UFT Chapter Chairperson. *See* Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E; Teacher Schedule Form, Exhibit G.

    **Response:**

    Plaintiff admits the factual allegations contained in paragraph numbered "14" in Defendant's Rule 56.1 statement.

**E. Plaintiff Is Not Re-elected Chapter Chairperson In June 2015**

15. Plaintiff testified that, sometime during the period April – June 2015, she chose not to run for the election for UFT Chapter Chairperson. *See* Pl's Deposition, Exhibit C, at pp.73-74.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "15" in Defendant's Rule 56.1 statement.

16. Plaintiff testified that she chose not to run for election for UFT Chapter Chairperson because of the effect of medical condition. *See* Pl's Deposition, Exhibit C, at p. 74.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "16" in Defendant's Rule 56.1 statement.

17. The voting for UFT Chapter Chairperson was held in June 2015. *See* Pl's Deposition, Exhibit C, at pp.73-74

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "17" in Defendant's Rule 56.1 statement.

18. As a result, during the 2015-16 school year, Plaintiff was no longer scheduled to work 6 hours per week on union duties, and instead was scheduled to teach for 36 hours and 50 minutes per week. See Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E; Pl's Deposition, Exhibit C, at pp.73-74.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "18" in Defendant's Rule 56.1 statement.

**F. Plaintiff's Schedule For 2015-2016 School Year**

19. At the end of each school year, Adult Education teachers are permitted to change their work schedules and work locations through the Open Market Transfer process. *See* Deposition of Rose-Marie Mills, Exhibit D, at pp. 41:23 – 42:25; Schedule Change Form Email, Exhibit F at p. 4.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "19" in Defendant's Rule 56.1 statement.

20. Teachers can choose to change their schedules in whole or in part by electing to attend the BOE Placement Center (hereinafter "Hiring Hall"). *See* Deposition of Rose-Marie Mills, Exhibit D, at pp. 66:24-68; Schedule Change Form Email, Exhibit F.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "20" in Defendant's Rule 56.1 statement.

21. The Hiring Hall is held after the end of the school year, and all teachers are invited to attend. *See* Deposition of Rose-Marie Mills, Exhibit D, at p. 67:4-13; Schedule Change Form Email, Exhibit F.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "21" in Defendant's Rule 56.1 statement

22. Teachers who wish to attend the Hiring Hall and change their schedules must notify their supervisors in advance, by email. *See* Deposition of Rose-Marie Mills, Exhibit D, at pp. 68:20-69:9; Schedule Change Form Email, Exhibit F.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "22" in Defendant's Rule 56.1 statement.

23. Teachers at the Hiring Hall are sorted by seniority, with the most experienced teachers getting to choose their schedules first. *See* Deposition of Rose-Marie Mills, Exhibit D, at pp. 67:22-68:9; Schedule Change Form Email, Exhibit F, at p. 4.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "23" in Defendant's Rule 56.1 statement.

24. At the end of the 2014-15 school year, Plaintiff gave up her entire teaching schedule (for which she was assigned to teach only in Manhattan at the Region 4 Adult Education Center located on 35th Street and 8th Avenue) and elected to attend the Hiring Hall. *See* Pl's Deposition, Exhibit C, at pp. 53:12-18; 78-82, 85; Schedule Change Form Email, Exhibit F.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "24" in Defendant's Rule 56.1 statement.

25. No one forced Plaintiff to give up her schedule, and Plaintiff voluntarily gave up her 2014-15 schedule in an attempt to work fewer evenings. *See* Pl's Deposition, Exhibit C, at p.85:5-17.

**Response:**

Plaintiff admits and denies the factual allegations contained in paragraph numbered "25" in Defendant's Rule 56.1 statement. Admits that no one "forced" Plaintiff to give up her schedule and denies that she gave up her schedule to work fewer evenings. Rather Plaintiff gave up her schedule so that she could get back to back hours so that she could consolidate

her time since working from 7 am -10 pm, 4 nights a week was not a healthy regimen. Had Mills given Plaintiff 4 nights and 5 afternoons, that would have worked but she refused to discuss it with Plaintiff. Exhibit "1" at p. 38-39. Plaintiff's declaration.

26. By email dated June 14, 2015, Plaintiff requested a change in her teaching assignment and schedule for the 2015-2016 school year. *See* Schedule Change Form, Exhibit F.

>  **Response:**
>
>  Plaintiff admits the factual allegations contained in paragraph numbered "26" in Defendant's Rule 56.1 statement.

27. Plaintiff requested a change from her 2014-2015 schedule of working 30 hours and 50 minutes teaching in Region 4 Adult Education Center located on 35th Street and 8th Avenue in Manhattan to a schedule of 36 hours and 50 minutes per week, with 14 hours at the Region 4 Adult Education Center located in Manhattan and 22 hours and 50 minutes located at the Region 8 Brooklyn Adult Learning Center located at 415 Nostrand Avenue, Brooklyn, NY. *See* Schedule Change Form, Exhibit F; Teacher Schedule Form, Exhibit G; Plaintiff's Depo, Exhibit C at p. 37; Mills Depo, Exhibit D at p. 39.

>  **Response:**
>
>  Plaintiff admits and denies the factual allegations contained in paragraph numbered "27" in Defendant's Rule 56.1 statement. Admits that she requested a change in schedule in the hiring hall but denies that she chose the schedule consisting in working in Region 4 and 8. Rather, that was the schedule that was made available to her in order to satisfy her teaching hour needs. As she testified, not much was made available to her. Exh "A" at 86.

28. On June 29, 2015, Plaintiff attended the Hiring Hall. See Pl's Deposition, Exhibit C, at pp..85:5-17; OACE Placement Center Teacher Schedule Form, Exhibit G.

9

**Response:**

Plaintiff admits and denies the factual allegations contained in paragraph numbered "28" in Defendant's Rule 56.1 statement.

29. At the Hiring Hall, Plaintiff selected an entirely new work schedule and work location. See Deposition of Rose-Marie Mills, Exhibit D, at pp.41-43; Schedule Change Form Email, Exhibit F; Pl's Deposition, Exhibit C, at p. 86; OACE Placement Center Teacher Schedule Form, Exhibit G; Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "29" in Defendant's Rule 56.1 statement.

30. Plaintiff chose to split her work hours between two locations: the Brooklyn Adult Learning Center in Bedford-Stuyvesant, Brooklyn, and the West 35th Street Complex. See OACE Placement Center Teacher Schedule Form, Exhibit G; Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E

**Response:**

Plaintiff admits and denies the factual allegations contained in paragraph numbered "30" in Defendant's Rule 56.1 statement. Admits that she requested a change in schedule in the hiring hall but denies that she chose the schedule consisting in split work working in Region 4 and 8. Rather, that was the schedule that was made available to her in order to satisfy her teaching hour needs. As she testified, not much was made available to her and Mrs. Mills was unwilling to speak to her about any possible accommodation. Exh "A" at 86, Defendant's Exhibit H.

31. Specifically, Plaintiff chose to work at the Brooklyn Adult Learning Center from Monday to Friday, from 9:00 am to 1:34 pm. See Deposition of Rose-Marie Mills, Exhibit D, at p. 40:2-7; OACE Placement Center Teacher Schedule Form, Exhibit G; Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E.

> **Response:**
>
> Plaintiff admits and denies the factual allegations contained in paragraph numbered "31" in Defendant's Rule 56.1 statement. Admits that she requested a change in schedule in the hiring hall but denies that she chose the schedule given to her, she was given that schedule. Exh "A" at 86, Defendant's Exhibit H.

32. In addition, Plaintiff chose to work at the West 35th Street Complex in Manhattan from Monday to Thursday, from 5:10 pm to 8:40 pm. See OACE Placement Center Teacher Schedule Form, Exhibit G; Plaintiff's schedules for 2014-2015 and 2015-2016, Exhibit E.

> **Response:**
>
> Plaintiff admits and denies the factual allegations contained in paragraph numbered "32" in Defendant's Rule 56.1 statement. Admits that she requested a change in schedule in the hiring hall but denies that she chose the schedule given to her as there were no alternatives. Exh "A" at 86, Defendant's Exhibit H.

33. On July 2, 2015, three days after the Hiring Hall, Plaintiff emailed Superintendent Rose-Marie Mills to request "a change of program for the September 2015-2016 year should a more convenient schedule become available." See Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H.

> **Response:**

> Plaintiff admits the factual allegations contained in paragraph numbered "33" in Defendant's Rule 56.1 statement.

34. On July 2, 2015, Superintendent Mills responded to Plaintiff's email request for a "change of program," stating that Superintendent Mills could not provide Plaintiff with a change of program because it would violate the established scheduling process and practice of the BOE, and that Plaintiff "voluntarily dropped [her] entire teaching schedule" from the previous year. *See* Emails between Plaintiff and Mills dated July 2, 2015, Exhibit H.

> **Response:**
>
> Plaintiff admits and denies the factual allegations contained in paragraph numbered "34" in Defendant's Rule 56.1 statement. Admits that Ms. Mills said the above and denies that this was true as Plaintiff was aware that she had the final decision-making authority and could have easily granted her a better program but did not because she intentionally did not make some jobs available. Exhibit "A" p. 53-56.

**G. Request for Accommodation**

35. On August 26, 2015, Plaintiff submitted a medical accommodation request to the BOE Medical, Leaves and Records Administration office ("BOE Medical"). See Plaintiff's Medical Accommodation Request Form, Exhibit I.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "35" in Defendant's Rule 56.1 statement.

36. Plaintiff submitted her accommodation request approximately two months after she selected her new schedule and work locations. *See* Deposition of Rose-Marie Mills, Exhibit D, at p. 44:11-

18; OACE Placement Center Teacher Schedule Form, Exhibit G; Plaintiff's Medical Accommodation Request Form, Exhibit I.

> **Response:**
>
> Plaintiff admits and denies the factual allegations contained in paragraph numbered "36" in Defendant's Rule 56.1 statement. Admits that she submitted the accommodation request at the time indicated above and denies that she "selected" a new schedule, rather she was put in the difficult position of being forced to select the difficult schedule because Ms. Mills did not make the other schedules available. Exh "A" at 86, Defendant's Exhibit H.

37. Plaintiff disclosed to the BOE, **for the first time**, that she had "chronic lymphocytic leukemia on oral chemotherapy daily." See Pl's Deposition, Exhibit C, at pp. 23:25 – 24:4; Plaintiff's Medical Accommodation Request Form, Exhibit I.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "37" in Defendant's Rule 56.1 statement.

38. Plaintiff sought the following accommodation: "Reduced travel time with position closer to her home or job hours more conducive to adequate rest/decreased stress – will prevent absences at work as allows for MD visits in her free time." *See* Plaintiff's Medical Accommodation Request Form, Exhibit I.

> **Response:**
>
> Plaintiff admits the factual allegations contained in paragraph numbered "38" in Defendant's Rule 56.1 statement.

39. Additionally, on September 25, 2015, Plaintiff submitted a medical hardship transfer request to the BOE Medical office, seeking an assignment to a new work location due to hardship presented by her medical condition. See Plaintiff's Application for Hardship Transfer, Exhibit J.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "39" in Defendant's Rule 56.1 statement.

40. After reviewing Plaintiff's request for a medical accommodation, BOE Medical determined that Plaintiff's request for accommodation was medically warranted. *See* BOE Medical Accommodation Determination, Exhibit K.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "40" in Defendant's Rule 56.1 statement.

41. On October 5, 2015, William Brewton of the BOE Office of Equal Opportunity and Diversity Management ("OEO") emailed Superintendent Rose-Marie Mills to notify Superintendent Mills that Plaintiff's accommodation request for "assigned to schools closer to home or work hours more conducive to allow adequate rest" was medically warranted. *See* Emails between Superintendent Rose-Marie Mills and BOE Disability Coordinator William Brewton dated October 5-6, 2015, Exhibit L; Deposition of Rose-Marie Mills, Exhibit D at pp. 33-35.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "41" in Defendant's Rule 56.1 statement.

43. However, Superintendent Mills informed OEO that Plaintiff could reduce her work hours in order to accommodate her request. *See* Emails between Superintendent Rose-Marie Mills and BOE

14

Disability Coordinator William Brewton dated October 5-6, 2015, Exhibit L at p. 2; Deposition of Rose-Marie Mills, Exhibit D at p. 34:2-20

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "43" in Defendant's Rule 56.1 statement. Plaintiff admits that Ms. Mills said the above but denies that this was true as she intentionally did not make positions available that would have accommodated Plaintiff's needs. In addition, Plaintiff never requested reduced hours. Exhibit "A" p. 53-56.

44. On October 9, 2015, BOE Medical partially approved Plaintiff's request for disability accommodation. *See* Letter to Plaintiff from BOE partially granting accommodation, Exhibit M.

**Response:**

Plaintiff denies the factual allegations contained in paragraph numbered "44" in Defendant's Rule 56.1 statement. Although the document indicated states that Plaintiff's reasonable accommodation request was "partially approved" it was not at all as the only "approved" part was a reduced work schedule which Plaintiff did not request. Plaintiff did not request a reduction of hours. Defendant's Exhibit "I" and "M".

45. Specifically, BOE Medical informed Plaintiff that her request "for assignments to school 'closer to home' cannot be accommodated administratively," but that a "reduced work schedule" was granted. *See* Letter to Plaintiff from BOE partially granting accommodation, Exhibit M.

**Response:**

Plaintiff admits and denies the factual allegations contained in paragraph numbered "45" in Defendant's Rule 56.1 statement. Admits the exhibit said the above but denies that a

reduced schedule was "granted", as the BOE could not have deem granted something that Plaintiff did not request at any point. Defendant's Exhibit "I" and "M".

46. Plaintiff did not accept BOE Medical's "reduced work schedule" accommodation and never accepted reduced hours. *See* Pl's Deposition, Exhibit C, at pp. 63:23-64:1; 70:14-23.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "46" in Defendant's Rule 56.1 statement.

47. On December 9, 2015, Plaintiff decided to go on terminal leave in advance of retirement. *See* Complaint, Exhibit A at ¶ 16; Plaintiff's application for retirement leave of absence, Exhibit N.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "47" in Defendant's Rule 56.1 statement.

48. Plaintiff officially retired from the BOE on January 31, 2016. *See* Pl's Deposition, Exhibit C, at p 19:6-18; Plaintiff's application for retirement leave of absence, Exhibit N.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "48" in Defendant's Rule 56.1 statement.

**H. Commencement Of This Action**

49. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), on or about July 7, 2016, which was marked received by the EEOC on July 12, 2016. *See* EEOC Charge, Exhibit B.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "49" in Defendant's Rule 56.1 statement.

50. Plaintiff subsequently requested and received a Notice of Right to Sue, dated March 24, 2017. *See* EEOC Charge, Exhibit B at p. 5.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "46" in Defendant's Rule 56.1 statement.

51. Plaintiff commenced this action by filing a Complaint in the New York Supreme Court, County of Kings on May 25, 2017. *See* Complaint, Exhibit A; ECF Dkt. No. 1.

**Response:**

Plaintiff admits the factual allegations contained in paragraph numbered "51" in Defendant's Rule 56.1 statement.

52. Plaintiff then removed this action to this Court on June 13, 2017. *See* Notice of Removal, ECF Dkt. No. 1

**Response:**

Plaintiff denies the factual allegations contained in paragraph numbered "52" in Defendant's Rule 56.1 statement.   Defendant removed the action, not Plaintiff.  *See* Notice of Removal, ECF Dkt. No. 1.

Dated:  New York, New York                              STEWART LEE KARLIN LAW
                                                                      GROUP PC
        January 17, 2019

                                                                          *S\ Natalia Kapitonova*
                                                                       NATALIA KAPITONOVA

                                                  STEWART LEE KARLIN  
                                                  Attorneys for Plaintiff  
                                                  111 John Street, Fl. 22  
                                                  New York, NY 10038  
                                                  (212) 792-9670  
                                                  cnk@stewartkarlin.com  
                                                  slk@stewartkarlin.com