No.  17 CV 3560 (WFK)(SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KAREN WALD,

                                           Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and THE CITY SCHOOL DISTRICT OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK,

                                           Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-188*
*New York, New York  10007*

*Of Counsel: J. Kevin Shaffer*
*Tel.:  (212) 356-1105*
*Matter No.:  2017-026672*

Bruce Rosenbaum,
J. Kevin Shaffer,
  Of Counsel.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    POINT I ............................................................................................................................. 2

        DEFENDANT GRANTED PLAINTIFF A
        REASONABLE ACCOMMODATION AND PLAINTIFF
        ABANDONED THE INTERACTIVE PROCESS ................................................ 2

            A.   Defendant Granted Plaintiff a Reasonable
                Accommodation ........................................................................................ 2

            B.   Plaintiff Abandoned The Interactive Process ..................................... 7

    POINT II ............................................................................................................................ 9

        PLAINTIFF'S RETALIATION CLAIM SHOULD BE
        DISMISSED BECAUSE PLAINTIFF WAS NOT
        CONSTRUCTIVELY DISCHARGED .................................................................. 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Clarke v. White Plains Hosp.*,
   650 F. App'x 73 (2d Cir. 2016) ................................................................................................5, 6

*Dean v. Univ. at Buffalo Sch. of Medicine & Biomedical Sciences*,
   804 F3d 178 (2d Cir. 2015)...........................................................................................................4

*Gonzalez v. City of New York*,
   354 F. Supp. 2d 327 (S.D.N.Y. 2005)..........................................................................................1

*Jackan v. NY State DOL*,
   205 F.3d 562 (2d Cir. 2000)..........................................................................................................5

*McBride v. BIC Consumer Prods. Mfg. Co.*,
   583 F.3d 92 (2d Cir. 2009).......................................................................................................3, 5

*Miles v. City of New York*,
   2002 U.S. Dist. LEXIS 20580 (E.D.N.Y. 2002).........................................................................1

*Missick v. City of New York*,
   707 F. Supp. 2d 336 (E.D.N.Y. 2010) .........................................................................................9

*Noll, v. IBM*,
   787 F.3d 89 (2d Cir. 2015).................................................................................................2, 3, 4

*Nugent v. St. Lukes-Roosevelt Hosp. Ctr.*,
   303 F. App'x 943 (2d Cir. 2008) .................................................................................................9

*Wernick v. FRB*,
   91 F.3d 379 (2d Cir. 1996)............................................................................................................3

*Whidbee v. Garzarelli Food Specialties, Inc.*,
   223 F.3d 62 (2d Cir. 2000).....................................................................................................9, 10

*Wright v. NY State Dept. of Corr. & Community Supervision*,
   831 F.3d 64 (2d Cir. 2016)............................................................................................................5

**Statutes**

ADA................................................................................................................................... *passim*

**Other Authorities**

Local Civil Rule 56.1................................................................................................................3, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

KAREN WALD,

                                    Plaintiff,        17 CV 3560 (WFK)(SJB)

     -against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, and THE CITY SCHOOL
DISTRICT OF THE BOARD OF EDUCATION OF
THE CITY OF NEW YORK,

                                   Defendants.
---------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

In Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment[1] ("Plaintiff's Opp."), Plaintiff argues that there are material issues of fact as to whether Plaintiff was granted a reasonable accommodation. Plaintiff argues that the accommodation granted by Defendant, a reduced schedule, was not reasonable because Defendant did not provide Plaintiff with a position closer to her home or "consolidated hours," and because Plaintiff did not ask for a reduced schedule. *See* Plaintiff's Opp at pp. 9-13. Plaintiff argues that Defendant refused to engage in the interactive process, and thus Plaintiff could not have abandoned the interactive process. *Id*. at pp. 13-18. Finally, Plaintiff argues that Defendant retaliated against her for requesting a medical accommodation by granting her request in the form of a reduced schedule, resulting in her constructive discharge. *Id*. at pp. 18-22.

---

[1] Plaintiff's Exhibit 3 consists of newspaper articles which are inadmissible hearsay, and should be disregarded. *See Gonzalez v. City of New York*, 354 F. Supp. 2d 327, 347, n 29 (S.D.N.Y. 2005); *Miles v. City of New York*, 2002 U.S. Dist. LEXIS 20580, at *12, n 3 (E.D.N.Y. 2002).

Plaintiff's arguments regarding her ADA failure to accommodate claim fail because Defendant granted Plaintiff a reasonable accommodation.  Plaintiff's arguments that she requested but did not receive a consolidated schedule or a position closer to home misstate the burden of proof regarding accommodation requests for a transfer and confuse the ultimate issue.  The governing issue is not whether Plaintiff received her preferred accommodation, but whether Defendant granted Plaintiff a "reasonable" accommodation.  *Noll*, *v. IBM*, 787 F.3d 89, 95 (2d Cir. 2015).  Plaintiff's argument that Defendant refused to engage in the interactive process is contradicted by the undisputed facts of this case, and fails to rebut Defendant's argument that Plaintiff abandoned the interactive process by declining Defendant's proposed accommodation, taking terminal leave, and retiring.  Plaintiff's argument that Defendant retaliated against her for requesting an accommodation by reducing her hours fails because Plaintiff did not engage in protected activity under the ADA prior to her June 2015 schedule assignment for the following school year, Plaintiff admits that she never worked reduced hours, and because Plaintiff fails to prove that she was constructively discharged.  Accordingly, this Court should grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's Complaint in its entirety.

## ARGUMENT

### POINT I

**DEFENDANT GRANTED PLAINTIFF A REASONABLE ACCOMMODATION AND PLAINTIFF ABANDONED THE INTERACTIVE PROCESS**

**A.     Defendant Granted Plaintiff a Reasonable Accommodation**

This Court should dismiss Plaintiff's ADA failure to accommodate claim because Defendant granted Plaintiff a reasonable accommodation.  Plaintiff inaccurately argues that there are issues of fact regarding the "fourth prong," of Plaintiff's ADA failure to accommodate claim:

- 3 -

whether Defendant BOE refused to make a reasonable accommodation for Plaintiff's disability. *See* Plaintiff's Opp. at p. 9 ("The only prong to consider for this Court is the fourth prong for which material issues of fact exist and thus, summary judgment is inappropriate"); *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009). Plaintiff notes that "whether an accommodation is reasonable or not, is a question of fact, not a question of law." *See* Plaintiff's Opp. at p. 10 (citing *Wernick v. FRB*, 91 F.3d 379, 385 (2d Cir. 1996)). However, *Wernick* does not stand for the proposition that the issue of whether an accommodation was reasonable can only be determined by a jury. Indeed, in *Wernick*, the Second Circuit held that defendant offered plaintiff a reasonable accommodation under the circumstances of that case. *Id.*; *see also Noll*, 787 F.3d at 94 (if an "employer has already taken (or offered) measures to accommodate the disability, the employer is entitled to summary judgment if, on the undisputed record, the existing accommodation is 'plainly reasonable.'"). Accordingly, this Court can and should determine whether Defendant reasonably accommodated Plaintiff under the ADA.

It is undisputed that at the end of the 2014-15 school year, Plaintiff voluntarily gave up her entire teaching schedule at one location in Manhattan, and attended the Hiring Hall to choose a new schedule. *See* Local Civil Rule 56.1 Statements of Defendant and Plaintiff ("56.1 Statements") at ¶ 24. Plaintiff received a new schedule on June 29, 2015, and did not disclose her leukemia to Defendant until August 26, 2015, when Plaintiff submitted a medical accommodation request to the BOE Medical, Leaves and Records Administration Office ("BOE Medical"). *Id.* at ¶¶ 7, 28-29, 35, 37. Plaintiff requested "[r]educed travel time with position closer to her home or job hours more conducive to adequate rest/decreased stress – will prevent absences at work as allows for MD visits in her free time." Shaffer Aff., Ex. I. BOE Medical determined that Plaintiff's request for medical accommodation was warranted. Shaffer Aff., Ex.

K. Superintendent Mills informed the BOE Office of Equal Opportunity and Diversity Management ("OEO") that there were no openings at worksites closer to Plaintiff's home, and Plaintiff's request for "reduced travel time with position closer to home" could not be accommodated. *See* 56.1 Statements at ¶ 42[2]. On October 9, 2015, BOE Medical informed Plaintiff that her accommodation request was "partially approved" in the form of a reduced work schedule, and that her request "for assignments to school 'closer to home' cannot be accommodated administratively." Shaffer Aff., Ex. M. Plaintiff never accepted BOE Medical's "reduced work schedule" and never worked reduced hours. *See* 56.1 Statements at ¶ 46. Plaintiff took terminal leave on December 9, 2015, and retired from the BOE on January 31, 2016. *Id*. at ¶¶ 47-48.

In her opposition, Plaintiff argues that she did not want reduced work hours, and it would be unreasonable to interpret her accommodation request as such because Plaintiff previously won an arbitration for additional hours, and "only requested either a schedule in schools closer to her home, or more consolidated hours." *See* Plaintiff's Opp. at pp. 3, 18; Declaration of Karen Wald, annexed to Plaintiff's Opposition ("Wald Decl.") at ¶ 18. However, the issue for an ADA failure to accommodate claim is not whether Defendant offered Plaintiff her *preferred* accommodation, but whether Defendant offered Plaintiff a *reasonable* accommodation. *Noll*, 787 F.3d at 95.

Defendants granted Plaintiff a reasonable accommodation by offering to reduce her work schedule. "The hallmark of a reasonable accommodation is effectiveness." *Dean v.*

---

[2] Plaintiff's response to Defendant's Local Civil Rule 56.1 statement fails to respond to paragraph 42 of Defendant's Rule 56.1 statement, which states that "Superintendent Mills informed OEO that there were no openings at worksites closer to Plaintiff's home and, therefore, Plaintiff's request for 'reduced travel time with position closer to home' could not be accommodated." Accordingly, the facts contained in this paragraph are "deemed to be admitted for the purposes of the motion." *See* Local Civil Rule 56.1(c).

*Univ. at Buffalo Sch. of Medicine & Biomedical Sciences*, 804 F3d 178, 189 (2d Cir. 2015). An "accommodation need not be perfect or the one most strongly preferred by the []plaintiff, but it still must be effective[.]'" *Wright v. NY State Dept. of Corr. & Community Supervision*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Dean*, 804 F.3d at 189; *Noll*, 787 F.3d at 95). The ADA lists "part-time or modified work schedules" as examples when defining "reasonable accommodation." 42 U.S.C. § 12111(9)(B). A reduced work schedule - teaching for six fewer hours per week - would have effectively provided Plaintiff with "job hours more conducive to adequate rest/decreased stress," and more time "for MD visits in her free time," as Plaintiff requested. *See* Shaffer Aff., Ex. I. With this accommodation, Plaintiff would have taught for two fewer nights per week, decreasing the amount of time Plaintiff commuted to and from work. *See* Shaffer Aff., Ex. L at p. 1.

With regard to Plaintiff's argument that she was denied a reasonable accommodation because Defendant did not offer her a position closer to her home, Plaintiff has the burden of proving that there was an equivalent, open position closer to her home to which Defendants could have transferred her. *McBride,* 583 F.3d at 97-98; *Jackan v. NY State DOL,* 205 F.3d 562, 566 (2d Cir. 2000). Defendant is not required "to create a position for an employee seeking accommodation via reassignment." *Clarke v. White Plains Hosp.*, 650 F. App'x 73, 75 (2d Cir. 2016). Plaintiff has not provided any evidence of an open position closer to her home to which Defendant BOE could have transferred her, and this Court should disregard Plaintiff's argument that Defendant failed to reasonably accommodate her by failing to transfer Plaintiff to another position. Regarding Plaintiff's argument that Defendant denied her a reasonable accommodation because she did not receive a more "consolidated" schedule, the plain language of Plaintiff's Accommodation Request Form does not request a "consolidated"

schedule. *See* Shaffer Aff., Ex. I. Plaintiff identifies her disability and limitations as "chronic lymphocytic leukemia on oral chemotherapy daily - decreased work commute as pt is fatigued and at high risk for infection with stressed schedule." *Id.* Plaintiff's "detailed description of accommodation request" is "reduced travel time with a position closer to her home or job hours more conducive to adequate rest/ decreased stress- will prevent absences at work as allows MD visits in her free time." *Id.* Plaintiff was granted an accommodation – a reduced schedule – that effectively met her need for "job hours more conducive to adequate rest/decreased stress."

Plaintiff contends that Superintendent Mills could have changed Plaintiff's schedule to be more "consolidated" or "condensed." *See* Plaintiff's Opp. at p. 12 ("Superintendent Mills could have easily accommodated Plaintiff and chose not to do so."). Plaintiff contends that "Ms. Mills had the ability to extend hours in one location, allocate hours from per session teachers and create another class when needed." *Id.* at p. 21. Plaintiff explains that she "had seniority as a full-time teacher so even if some hours were filled in the class directory by any per session teacher, Ms. Mills could have changed those hours around and should have given them to her based on seniority and on the reasonable accommodation request." *Id.* at p. 12; Wald Decl. at ¶ 32. However, Defendant is not required to "create another class when needed" for Plaintiff because, as cited *supra*, Defendant is not required "to create a position for an employee seeking accommodation via reassignment.'" *Clarke,* 650 F. App'x at 75. Moreover, Plaintiff did not notify Defendant BOE of her leukemia or request accommodation until on or about August 26, 2015, two months after the Hiring Hall where teachers selected schedules, and less than two weeks before the beginning of the 2015-16 school

year[3]. Shaffer Aff., Ex. I; 56.1 Statements at ¶¶ 7, 37. Plaintiff anecdotally argues that Defendant could have changed her schedule because Superintendent Mills "changed [Plaintiff's] schedule twice in 2012 and 2015." *See* Plaintiff's Opp. at p. 12. However, Plaintiff's example from June 2015, when Plaintiff attended the Hiring Hall and was able to schedule six additional hours due to her prior arbitration award, is entirely distinguishable from her medical accommodation request on August 26, 2015. The Hiring Hall was the designated location and process for selecting schedules for the upcoming year, and occurred months before the 2015-16 school year began. In contrast, Plaintiff fails to provide any evidentiary support for her argument that, mere weeks before the beginning of the school year, Defendant could have feasibly accommodated her disability by reconfiguring her schedule. Plaintiff's contention is sheer surmise based upon her unsupported belief.

Accordingly, this Court should grant Defendant's motion for summary judgment with regard to Plaintiff's ADA claim because Defendant granted Plaintiff a reasonable accommodation and because Plaintiff's contentions about whether Plaintiff requested a reduced schedule are unavailing and do not present a material issue of fact.

**B.     Plaintiff Abandoned the Interactive Process**

Plaintiff argues that "Defendant refused to engage in the interactive process, thus Plaintiff could not have abandoned a process that Defendant refused to engage in." *See* Plaintiff's Opp. at p. 13. Plaintiff claims that Superintendent Mills refused to engage in the interactive process because UFT District Representative Patricia Crispino ("Crispino") allegedly contacted Superintendent Mills in "September or early October 2015" to request "a more

---

[3] The first day of classes for the 2015-16 School Year was September 9, 2015. *See* "2015-16 School Year Calendars," NYC Department of Education, http://proxy.nycboe.org/Calendar/2015-16+Calendars.htm.

compressed schedule" for Plaintiff. <u>See</u> Plaintiff's Opp. at pp. 13-18; Declaration of Patricia Crispino, annexed to Plaintiff's Opposition ("Crispino Decl."), at ¶¶ 2-4. Plaintiff claims that Mills refused to grant that request and stated that Plaintiff could instead give up her additional "pro-rata hours" from the prior arbitration.

Even if the Court assumes as true that Crispino contacted Mills, asked for "a more compressed schedule" for Plaintiff, and that Mills refused and proposed only a reduced schedule, Plaintiff's argument that Defendant refused to engage in the interactive process is unavailing. Plaintiff submitted an Accommodation Request Form to BOE Medical on August 26, 2015, detailing her disability, limitations, job functions unable to perform, and a description of her requested accommodation. *See* Shaffer Aff., Ex. I. Plaintiff was required to submit "[s]upporting medical documentation and a description of [her] job duties" with that form. *Id*. On October 5, 2015, William Brewton from BOE OEO emailed Superintendent Mills to report that BOE Medical found Plaintiff's accommodation request to be medically warranted, and to discuss what forms of accommodation BOE could provide. *See* Shaffer Aff., Ex. L, at p. 3. Mills reported that there were no open positions closer to Plaintiff's home, and that "if the [request] from Ms. Wald is to work at one site, we do not have any openings." *Id.* at p. 2. Mills also reported that if Plaintiff "would like her schedule reduced we can accommodate this." *Id.* Accordingly, on October 9, 2015, BOE Medical informed Plaintiff that her request for a Medical Accommodation was partially approved in the form of a "reduced work schedule." *See* Shaffer Aff., Ex. M. As demonstrated by the above uncontested facts, Defendant engaged in the interactive process to accommodate Plaintiff. Plaintiff provides no meaningful evidence to rebut Defendant's argument that she abandoned the interactive process by refusing Defendant's proposed accommodation, taking terminal leave, and retiring. Therefore, this Court should grant

Defendant's motion for summary judgment with regard to Plaintiff's ADA claim because Plaintiff abandoned the interactive process. *See Nugent v. St. Lukes-Roosevelt Hosp. Ctr.*, 303 F. App'x 943, 946 (2d Cir. 2008).

### POINT II

#### PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF WAS NOT CONSTRUCTIVELY DISCHARGED

Finally, Plaintiff's retaliation claim should be dismissed because Plaintiff did not suffer an adverse employment action and was not constructively discharged. To the extent that Plaintiff argues that that Defendant retaliated against her for requesting a medical accommodation by allegedly "reducing Plaintiff's hours and denying the accommodation," Plaintiff's retaliation claim is not cognizable. *See* Plaintiff's Opp. at p. 20. Plaintiff cannot bootstrap her ADA failure to accommodate claim into a disability discrimination claim. *See Missick v. City of New York*, 707 F. Supp. 2d 336, 356-57 (E.D.N.Y. 2010). Additionally, Plaintiff cannot demonstrate that she was constructively discharged. Plaintiff admits that she worked until December 9, 2015 – 3 months into the school year – and never accepted Defendant's "reduced work schedule" accommodation or worked reduced hours. (56.1 ¶¶ 46-47). Thus, Plaintiff's argument that she "would have had to take a reduced wage" is plainly false. *See* Plaintiff's Opp. at p. 21. Plaintiff's claim that she was constructively discharged because she had to teach according to her 2015-16 schedule is meritless. Based on the uncontested facts, there is no evidence that Defendant "intentionally create[d] an intolerable work atmosphere that force[d] an employee to quit involuntarily." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 73 (2d Cir. 2000). Nor is there evidence that Plaintiff's 2015-16 schedule – which Plaintiff selected at the Hiring Hall – was "so difficult or unpleasant that a

reasonable person in the employee's shoes would have felt compelled to resign." *Id.* Accordingly, this Court should grant Defendant's motion for summary judgment with respect to Plaintiff's cause of action for retaliation.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in its initial MOL, Defendant respectfully requests that the Court issue an order granting Defendant's motion for summary judgment and dismissing the Complaint in its entirety, with prejudice, and awarding Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 7, 2019

                        **ZACHARY W. CARTER**
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant
                        100 Church Street, Room 2-188
                        New York, New York 10007-2601
                        (212) 356-1105
                        jshaffer@law.nyc.gov

                By:   */s/ J. Kevin Shaffer*
                        J. Kevin Shaffer
                        Assistant Corporation Counsel

Bruce Rosenbaum,
J. Kevin Shaffer
  Of Counsel.