UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
KAREN WALD,

        Plaintiff,                                            **17-CV-3560 (WFK)(SJB)**

  -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, and
THE CITY SCHOOL DISTRICT OF
THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK

        Defendants,
-----------------------------------------------------X

    Plaintiff, KAREN WALD, declares under penalty of perjury, pursuant to 28 U.S.C. 1746, as follows:

1. I am the Plaintiff in the above-captioned action and as such am fully familiar with the circumstances set forth in this declaration and submit this declaration in opposition to Defendant's Motion for Summary Judgment. As Plaintiff, I am personally familiar with the circumstances set forth below.

2. I filed this action as a result of being discriminated against due to my disability (chronic lymphocytic leukemia).

3. I was employed by the New York City Department of Education (DOE) as a teacher in the Adult Education Program for over twenty years until my constructive termination on December 9, 2015.

4. I was constructively terminated as I was left with no other choice but to retire due to the

DOE's denial of my reasonable accommodation request which consisted in a more compacted schedule of hours in order to reduce my heavy commute, or in allowing me to teach in a location closer to my home. As set forth, none of these reasonable requests were granted.

**Chronological Statement of Relevant events**

5. I suffer from chronic lymphocytic leukemia which was diagnosed in 2013, my disability impacts my major life activities including having a compromised immune system, fatigue, and susceptibility to getting respiratory infections.

6. During the summer of 2015, my condition worsened and I began chemotherapy.

7. In the Spring of 2015, I received copies of the retirement paperwork of two teachers who had completed the retirement submission, such as Evan Ginzburg who informed me that he had a service retirement application receipt dated May 07, 2015.

8. As per a prior year conversation with Superintendent Mills' about schedule availability of retirees, I gave up my schedule and went to the hiring hall so that I can obtain the new schedules available of the newly retired teachers. I had previously won a long arbitration that permitted me to have more hours added to my schedule.

9. However, to my surprise, the now potentially available retirees' schedules were not made available in the hiring hall by Ms. Mills. I was shaken this happened because of my careful planning and knowledge of the program.

10. I was the UFT union chapter leader for three years and Ms. Mills had personal animosity against me because as a the UFT chapter leader not only did I represent teachers and teachers' issues, but I lead the teachers in several arbitration suits against Ms. Mill's

administration and management of the program, which almost entirely were decided in the teachers' favor.

11. Furthermore, in one of the cases the arbitrator cited harassment against me. Subsequently, after my retirement, many of these issues were ultimately modified or decided in the teacher's favor.

12. Given that the retirees' schedules were not posted in the hiring hall, I then lost my previous schedule and I was put in the impossible situation of making the selection that what was made available to me by accepting a split work schedule in two locations (Brooklyn and Manhattan).

13. I did not choose my own schedule, but rather I picked the only hours available to me at the hiring hall.

14. In the summer of 2015, my condition worsened as I began chemotherapy medication. This was not foreseen.

15. Due to my very ill state, on August 26, 2015 (before the new semester started) I made a reasonable accommodation request to the DOE, specifically requesting *"reduced travel time with a position closer to her home or job hours more conducive to adequate rest/ decreased stress- will prevent absences at work as allows MD visits in her free time."*

16. My request form listed my "disability, limitation(s) and job function(s) unable to perform:" as "chronic lymphocytic leukemia on oral chemotherapy daily- decreased work commute as pt is fatigued and at high risk for infection with stressed schedule."

17. This reasonable accommodation request posted no hardship on the DOE. Even my UFT representative Patricia Crispino advised me that the request will impose no hardship as Ms.

    Mills had the ability and power to changes schedule and grant the reasonable accommodations.

18. In addition, I only requested either a schedule in schools closer to my home, or more consolidated hours.

19. I also applied for a hardship transfer on September 26, 2015 for the same medical reasons.

20. I reside on 17th Street and 3rd Avenue in Manhattan and I had my job assignment with the DOE in Bedford-Stuyvesant, Brooklyn for five mornings per week from 9am to 1:40pm and then from 5pm to 8:40pm (4 nights per week) at a school location on 35th street and 8th ave.  Commuting was about 3 or more hours/day which allowed little "recuperation "time or time  for medical appointments.

21. The DOE was aware that I was unable to perform this assignment before the semester started, yet still refused to accommodate my request for an assignment with a full-time consolidated hours or in a location closer to home.

22. Ms. Mills could have changed my schedule around as she did so in previous years and chose not to do so.  For example, Ms. Mills had the ability to extend hours in one location, allocate hours from per session teachers and create another class when needed.

23. In addition, when I requested the accommodation, the semester had not yet started.

24. By letter dated October 8, 2015, my medical accommodation request was not approved. Although the medical accommodation was approved by the medical department, Ms. Mills did not consolidate my hours nor gave me classes closer to home which will reduce my commute.  She did not engage in the interactive process to reasonably accommodate me.

25. The DOE instead reduced my hours, something I was not actually requesting.

26. My request for an assignment to school "closer to home" was not accommodated and my hours were not compacted.

27. Because of the failure to reasonably accommodate me, I would have had to take a reduced wage which would have not been necessary if my accommodation had been granted. The reduce wage/hours would have also impacted my retirement and the arbitration I won as my hours were cut.

28. As a result of the failure to reasonably accommodate me, I had no choice but to take a leave on December 2015 and I retired on January 31, 2016 because they did not reduce my commuting time which remained the same which was critical to my health. Thus, I was forced to retire and was constructively terminated.

29. Further, I was aware of others (including Irene Rosa, Lisa Miller and Gina Ficente) who were provided requested changes in their schedules, despite only needing these changes for convenience, not because of a reasonable accommodation due to a serious medical accommodation like mine. I know this because I used to represent several teachers in multiple grievances. However, my reasonable accommodation request was denied.

30. In addition, the DOE never granted me any accommodation as I did not request for my hours to be reduced and the only thing the DOE did after I requested the accommodation was to reduce my hours.

31. I merely requested that my location be closer to my residence or that my schedule be more compact. This request could have been easily accommodated as Ms. Mills could have done so as the Superintendent and head of the BALC site, where I could have arranged the schedules I needed to preserve my strength.

32. In addition, I had seniority as a full time teacher so even if some hours were filled in the class directory by any per session teacher, Ms. Mills could have changed those hours around and should have given them to me based on seniority and on the reasonable accommodation request.

33. I have first hand knowledge of Ms. Mills flexibility and ability in changing schedules because she changed my schedule twice in 2012 and in 2015. However, after she lost the pro rata arbitration and the Defendant had to pay hundreds of thousands of dollars in past pay and going forward, Mills did not want me to have more hours and never spoke to me outside of consultation meetings.

34. As another example, in June 2015 at hiring hall, I accepted a program and Ms. Mills had to accommodate the additional 6 hours that I won in arbitration, so she did so even though there was no job listed on any of the schedules or classes. She changed the hours from 9am-12pm to 9am-1:35pm. This was not reflected in any class directory. Thus, the DOE's excuse that Ms. Mills could not accommodate me because there were no classes available is disingenuous and misleading.

35. In sum, Ms. Mills changed hours when she needed to. In addition, as head of the BALC site, she could have arranged anything she wanted, a change of schedule, extending hours, etc.

36. As a result of the DOE's discriminatory conduct, Plaintiff was greatly damaged.

37. Currently, Ms. Mills has been removed from the Department of Education's position as a superintendent after several years of combined UFT/ DOE supervision the bad administration and management of program and teachers she handled.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's motion for summary judgment and such additional relief as this Court may deem just and proper under the circumstances.

I, KAREN WALD, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT THIS 17th DAY OF JANUARY 2019.

KAREN WALD